[No. 15359.   Department Two.—June 13, 1894.]

LYDIA E. DIMOND, RESPONDENT, v. LEMUEL A. SANDERSON, APPELLANT.

ACTION UPON NOTE—HUSBAND AND WIFE—BURDEN OF PROOF—CONSIDERATION—UNDUE INFLUENCE.—The burden of proving a sufficient consideration for a note, and that it was not given under undue influence, is not thrown upon the plaintiff in an action thereon merely because it appears that plaintiff and defendant were husband and wife at the time the note was given.

ID.—PRESUMPTION—PROOF OF ADVANTAGE TAKEN.—In order that the presumption may arise that a transaction between a husband and wife, by which one has obtained an advantage over the other, was entered into without sufficient consideration, and under undue influence, it must

appear upon the face of the transaction, or by proof, that there was no consideration, or that the marital confidence was used to take an unfair advantage, or that the confidence was subsequently violated.

ID.—NOTE NO PROOF OF ADVANTAGE OR TRUST—CONSIDERATION IMPLIES. Possession of a note given by the husband to the wife is not of itself evidence that any advantage had been obtained, and the giving of it does not indicate a trust; but the note is an ordinary contract, which implies a consideration.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Jacob Samuels*, for Appellant.

It was incumbent upon plaintiff to affirmatively establish by competent evidence that there was a sufficient consideration for the note, and that it was not given under undue influence. (Civ. Code, secs. 158, 2235; *Brison* v. *Brison*, 75 Cal. 525, 529; 7 Am. St. Rep. 189; *Jackson* v. *Jackson*, 94 Cal. 446, 461.)

*Andrew Thorne*, for Respondent.

Assuming that the relation of trustee and beneficiary existed between plaintiff and defendant, still section 2235 of the Civil Code does not operate as a limitation of section 158 of the same code, as the former section contains no "general rule which controls the actions of persons," etc. (See Civ. Code, secs. 2228–35, 2259.) It was entirely unnecessary for plaintiff to prove a consideration; the note having been introduced in evidence imports a consideration. (Civ. Code, sec. 1614.) And the defendant having alleged want of consideration, it was incumbent upon him to prove it. (Civ. Code, sec. 1615.) In addition to the above presumption, the plaintiff is aided by the presumptions as contained in section 1963, subdivisions 3, 19–21, and 39, of the Code of Civil Procedure. These presumptions not having been controverted by other evidence, the court was bound to find according to the presumptions. (Code Civ. Proc., sec. 1961.)

HAYNES, C.—This action was brought upon a promissory note made by the defendant June 1, 1888, whereby he promised to pay Lydia Emma Sanderson six thousand dollars at twenty-four months after date, with interest payable monthly. The complaint is in the usual form, except that it alleges " that Lydia Emma Sanderson was the name of the plaintiff prior to her marriage with Henry P. Dimond on the twenty-fifth day of June, 1890; that the name of the plaintiff is now Lydia Emma Dimond, and that the subject matter of this action concerns and is the separate property of the plaintiff."

Defendant's answer contained three defenses: 1. Admitted the making and delivery of the note, but denied that any thing remained unpaid, due or owing thereon, or that he was indebted thereon; 2. That he received no consideration for the note; and 3. That at the time the note was made the plaintiff and defendant were husband and wife; alleged certain misconduct of the wife, that her affections were alienated by another, that he gave the note under certain promises made by the plaintiff, which were not kept, and with a view to regain her affections, and upon no other consideration; that she remained with him but a short time; that he procured a divorce in December, 1889, and that plaintiff and Dimond intermarried in June, 1890.

Upon the trial the plaintiff testified in chief that defendant was her former husband, and that certain payments, and no other, had been made upon the note.

Upon cross-examination she stated her maiden name, that she was married to defendant in 1877, and that she and defendant were husband and wife until December 29, 1889.

Plaintiff put the note in evidence, and rested, and the defendant offered no evidence. Findings and judgment were in favor of plaintiff, and the defendant appeals from the judgment upon the judgment-roll and a bill of exceptions setting out the evidence above stated.

Appellant insists that the plaintiff failed to make out her case, because it appeared that she and defendant were husband and wife at the time the note was given, and that that fact threw upon her the burden of proving a sufficient consideration for the note, and that it was not given under undue influence.

This contention he bases upon the following provisions of the Civil Code:

" Sec. 158. Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts."

" Sec. 2235. All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence of the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration and under undue influence."

The only cases cited by appellant involving the confidential relation of husband and wife are *Brison* v. *Brison*, 75 Cal. 528; 7 Am. St. Rep. 189, and *Jackson* v. *Jackson*, 94 Cal. 461. It is conceded, however, that neither of these cases decides the very point at issue, and that this court has never expressed an opinion upon the question here presented.

In each of the cases above cited the husband had conveyed real estate to the wife, and sought to compel a reconveyance, and of necessity assumed the burden of proving the circumstances under which the conveyance was made, and which entitled them to a reconveyance. Laying aside the distinction between the subject of those actions and of this, if the action here had been brought by the husband to have the note canceled upon the ground that it was without consideration, or had been obtained fraudulently or by undue influence, these cases would have been in point.

Appellant's contention would destroy the effect of another presumption declared by the code, as well as an express provision as to the burden of proof. Section 1614 of the Civil Code declares that " A written instrument is presumptive evidence of a consideration"; and section 1615 provides that " The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." These, it is said, are general provisions, while sections 158 and 2235 of the Civil Code are special, and therefore control. But all these provisions should be harmonized and given effect, if possible, and this, we think, may be accomplished.

Section 2231 of the Civil Code is as follows:

" A trustee may not use the influence which his position gives him to obtain any advantage from his beneficiary"; and the transactions referred to in section 2235, to which the " presumption" there mentioned attaches, are those by which the trustee " obtains any *advantage* from his beneficiary." The relation of husband and wife is not that of trustee and beneficiary, though it is a confidential relation, and transactions between them are to be considered in the same light and controlled by the same general rules affecting the confidential relation of trustee and beneficiary; but whether any particular transaction between husband and wife creates a trust, and, if so, which is the trustee and which the beneficiary, must depend upon the facts of the particular transaction involved in the controversy. The giving of the promissory note in question does not indicate a trust. It is an ordinary contract. Being in writing, the law presumes a sufficient consideration, though it may be, in fact, wholly without consideration. If it had been given in consideration of six thousand dollars, then loaned by the wife, or for the amount of a debt then owing to her, no presumption of undue influence could arise to defeat the obligation, because it would not appear that she had obtained any " advantage" over the defendant; and the presumption arising from the

written obligation that the consideration is sufficient, repels the assumption that plaintiff obtained any advantage by the transaction.

The moment it appears, however, that "an unfair advantage" has been obtained, the presumption that it was procured by undue influence arises out of the existence of the confidential relation of husband and wife; but this cannot appear until the presumption of a sufficient consideration, arising from the written obligation, has been overcome by proof.

"Undue influence consists:

"1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him." (Civ. Code, sec. 1575, subd. 1.)

In *Brison* v. *Brison*, 90 Cal. 336 (second appeal), in speaking of the above provision of the code, it was said:

"Such influence the law presumes to have been undue whenever this confidence is subsequently violated."

We think, therefore, that it must appear upon the face of the transaction, or by proof, that there was no consideration, or that the marital confidence was used to take an unfair advantage, or that this confidence was subsequently violated, before the burden is cast upon the plaintiff of sustaining the fairness and the consideration of the transaction against the presumption invoked by appellant.

It is manifest that there may be a fair and honest transaction between husband and wife upon a good and sufficient consideration, and this may be one of them, while it is also true that the use of a confidential relation to obtain an unfair advantage is a fraud upon the other party to the transaction. (Civ. Code, sec. 2234; *Brison* v. *Brison*, 75 Cal. 525; 7 Am. St. Rep. 189; 90 Cal. 336; *Jackson* v. *Jackson*, 94 Cal. 461.)

In the notes to the leading case of *Huguenin* v. *Basely*, under the title of "Husband and Wife" (White and

Tudor's Leading Cases in Equity, vol. 2, pt. 2, p. 1215), it is said:

" The relation of husband and wife obviously admits of an influence that may be carried beyond just bounds, but it seems that either of the parties to it may accept a benefit from the other without the necessity of proving that it was not obtained by undue influence."

In *Hardy* v. *Van Harlingen,* 7 Ohio St. 216 (one of the cases cited in the above note), it was said:

" The transaction will be viewed with a jealous eye, on account of the peculiar facilities enjoyed by the husband for the exercise of an improper influence. At the same time, undue influence is not to be presumed from the mere relation of the parties. It must be shown, either by direct proof, or by circumstances from which it may fairly be inferred."

This quotation possibly states the rule more broadly than a fair construction of the code provision requires, but we think that before the presumption contended for can apply it must appear that plaintiff, in obtaining the note sued upon, obtained some advantage over the defendant, and that the possession of the note is not of itself evidence that any advantage has been obtained. Upon appellant's theory, a sufficient answer in this case would have consisted merely of the allegation that at the time said note was made and delivered the plaintiff and defendant were husband and wife. Such answer would have been clearly insufficient. Here, however, in addition to this relation, defendant set out facts tending to show that the obligation was unfairly obtained, and was without consideration. The true issue was, therefore, upon the replication to the answer setting up the new matter; but how the pleader could expect these affirmative allegations to aid the defense without evidence in support of them, we do not understand. It may be that in this case defendant's error in relying absolutely upon the presumption insisted upon may prove to be a serious one, but that cannot change the law. For the purpose of shifting

the burden of proof, or creating a presumption, his answer cannot take the place of evidence.

We think the judgment should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.