[S. F. No. 232. In Bank.—March 19, 1898.]

# W. H. WHITE, Executor, etc., Respondent, v. JOHN K. WARREN, Appellant.

HUSBAND AND WIFE—ACTION BY WIFE FOR MONEY LOANED TO HUSBAND—CLAIM OF GIFT—INSTRUCTION—BURDEN OF PROOF—PRESUMPTION OF UNDUE INFLUENCE.—In an action by a wife to recover money alleged to have been loaned by her to her husband, where she had established a *prima facie* case, and the husband thereupon introduced some evidence tending to show that the money was not loaned but was a gift to him from her, it was proper for the court, in view of the provisions of sections 158, 2219, and 2235 of the Civil Code, to instruct the jury that as plaintiff and defendant were wife and husband, it devolved upon the husband who claimed to have received the money as a gift to prove that such gift was made without undue influence on his part, the presumption being, in the absence of such evidence, that undue influence was used, and to instruct the jury to find a verdict for the plaintiff, for the want of such evidence.

ID.—OBTAINING OF ADVANTAGE—TRUSTEE AND BENEFICIARY.—The rules applicable to dealings between trustees and beneficiaries, where the trustee obtains any advantage from his beneficiary, are applicable to transactions between husband and wife, where one secures any advantage over the other, and apply to a case where money is claimed to have been given by the wife to the husband.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

Gordon & Young, for Respondent.

GAROUTTE, J.—Jane Warren, the wife, brought this action against John K. Warren, her husband, to recover about six thousand dollars, money alleged to be loaned to him by her. She secured a judgment for the amount, and subsequently died pending further proceedings. The present plaintiff is the executor of her last will and testament. Defendant by his answer denied the allegations of the complaint. At the trial plaintiff established a *prima facie* case under her pleading. Defendant thereupon introduced some evidence tending to show that the

money received by him from his wife was not money loaned, but a gift to him from her. Upon this state of the evidence the case was submitted to the jury under certain instructions of the court as to the law. In this regard the court instructed the jury to find a verdict for the plaintiff, holding in substance that, as plaintiff and defendant were wife and husband, it devolved upon the husband, who claimed to have received the gift, to prove that such gift was made without any undue influence on his part, the presumption being that, in the absence of proof to that effect, there was such undue influence used. Upon the legal soundness of the principle of law here declared the affirmance or reversal of this judgment is dependent.

Section 158 of the Civil Code is as follows: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined in the title on trusts." Section 2235 of the Civil Code, which relates to trusts, declares: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence." Section 2219 declares: "Every one who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of this chapter."

Under the principles of law embodied in the aforesaid sections of the Civil Code the trial court was fully authorized in instructing the jury to the effect that it did. When the defendant introduced evidence tending to show the transaction between himself and his wife to be a gift, the presumption of law immediately arose that the gift was obtained from the wife by the exercise of undue influence upon his part. As applied to the relations of husband and wife, the aforesaid section 2235 may be read as follows: "All transactions between the husband and wife, by which one obtains any advantage from the other, are presumed to be entered into by the latter without consideration, and under undue influence." Here, conceding what is claimed by the de-

fendant as to the nature of the transaction, it is evident that he was greatly advantaged thereby, and, such being the fact, the burden rested upon him of disproving the presumption of undue influence created by the law under such conditions.

These views are not in conflict with previous cases decided by this court bearing generally upon the proposition of law here involved, notably *Dimond v. Sanderson,* 103 Cal. 97, and *Tillaux v. Tillaux,* 115 Cal. 663. The respective powers and rights of husband and wife in making contracts, as treated upon in section 158, are not plain when considered in connection with section 2235 of the chapter of the Civil Code upon trusts. At the same time it is perfectly apparent that it cannot be said every business transaction between husband and wife is presumptively void. It cannot be said that in every transaction between them one stands as a trustee and the other a beneficiary. Such a holding would absolutely destroy the purport, scope, and effect of the aforesaid section 158. For example, in a transaction conducted between them whereby one secures money and the other its full value in land, there is no presumption of undue influence. In such a case, there is neither a trustee nor a beneficiary, and the chapter of the code upon trusts can in no way be invoked. It is only in those transactions where one secures an advantage over the other that the confidential relation existing between them may be invoked, and the equitable principles laid down in the chapter of the code upon trusts be called into operation.

These views find full support in *Dimond v. Sanderson, supra.* In that case, plaintiff, the wife, sued upon the promissory note of the husband. The relation of husband and wife was established by the evidence. The note also was offered in evidence, and plaintiff thereupon rested her case. Defendant offered no evidence. The *syllabi* of the decision correctly declare the principles laid down in the body of the opinion: "1. The burden of proving a sufficient consideration for a note, and that it was not given under undue influence, is not thrown upon the plaintiff in an action thereon merely because it appears that plaintiff and defendant were husband and wife at the time the note was given; 2. In order that the presumption may arise that a transaction between a husband and wife, by which one has obtained an advantage over the other, was entered into without consideration

and under undue influence, it must appear upon the face of the transaction, or that the marital confidence was used to take an advantage."

In *Tillaux v. Tillaux, supra,* it was held that the marriage relation does not *ipso facto* raise the presumption that a deed of conveyance from the husband to the wife has been the result of undue influence. And with such conclusion we are in entire accord. In that case it may be further suggested that there were many considerations recited in a contemporaneous agreement amply sufficient to establish the *prima facie* validity of the deed to the wife. But, whatever may be the rule by which the *prima facie* validity of conveyances of real estate between husband and wife are to be determined, we have no doubt as to the rule in a case presenting the facts disclosed by the present record. It comes squarely within the principles declared in the provisions of the Civil Code already cited. Defendant, in offering evidence tending to prove the money to be a gift from the wife, and resting his case at that point, rested too soon. Such evidence, standing alone, compassed his defeat, for by reason of that evidence the presumption of undue influence arrayed itself against him.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., and Henshaw, J., concurred.

TEMPLE, J., concurring.—I concur in the judgment and in the opinion, except in the comments upon *Dimond v. Sanderson,* 103 Cal. 97, and *Tillaux v. Tillaux,* 115 Cal. 663. I think an advantage is gained within the meaning of the law when anything of value is obtained. When it is shown by a trustee that value was also given, the presumption that it was without consideration has been overcome. The trustee must then show that the transaction was fair, and that no advantage was taken and no undue influence used. As to the cases cited, in view of the discussion here, they do not entirely satisfy me.

HARRISON, J., concurring.—I concur in the judgment for the reasons given in my opinion filed in Department.

McFARLAND, J., dissenting.—I dissent. The court peremptorily instructed the jury to find for the plaintiff; and, in my

opinion, it ought to have been left to the jury to determine whether or not the money sued for was a loan or a gift. Upon that question the evidence was clearly conflicting. The plaintiff testified that it was a loan and not a gift, but her cross-examination and the evidence introduced on the part of the defendant left that question in great doubt, and it was a proper question to go to the jury. The question here was not whether a certain gift was procured by undue influence, but whether a certain transaction was a loan or a gift. There was no pretense on the part of the plaintiff that the transaction was a gift obtained by undue influence; her testimony, in which the transaction is given in detail, clearly establishes, in my opinion, that, whether it was a gift or a loan, there was no undue influence. It appears to have been considered necessary for the defendant to have appeared and testified that the gift was not procured by undue influence, or to have produced some other evidence establishing that point; but, if the defendant had testified that there was no undue influence, the plaintiff could not, consistently with the testimony she had already given, have denied that there was no undue influence.

I do not think it true as a general proposition of law that a transfer of property between a husband and wife, whether in the form of a gift or otherwise, is *prima facie* void. It is at best only voidable at the instance of the party seeking to avoid it, and in such case there should be a rescission or offer to rescind within the proper time. The provision of section 158 of the Civil Code that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried," coupled with the further provision, "subject in transactions between themselves to the general rules which control the actions of persons occupying confidential relations with each other, as defined in the title on trusts," is very difficult of construction. The title on trusts deals with parties one of whom is always the trustee and the other the beneficiary, and it is very difficult to make all of its provisions applicable to the case of a husband and wife, where, if they can be considered as trustees at all, both are trustees and both beneficiaries. The bearing of these two parts of the code upon each other has never been definitely settled by judicial construction, and I do not think that it will be ultimately held that a transaction of any kind between husband and wife as to property is

*prima facie* void. Such a construction would lead to embarrassment and confusion. But, as before said, this subject is not, in my opinion, involved in this action.

. I think the judgment should be reversed.

The following is the opinion of Mr. Justice Harrison, filed by him in Department, on the 15th of June, 1897:

HARRISON, J.—I concur in the judgment. At the trial the plaintiff testified that in 1891 she loaned to the defendant the money sued for, and that no portion of it had been paid. She also testified that the money loaned him was her separate property, and was used by him in building a house upon a lot of land which was his separate property. This testimony of the plaintiff that the money was loaned to the defendant authorized a judgment in her behalf, unless he should by some affirmative evidence overcome the liability thus created.

The theory upon which the action is defended, although there is no averment of that nature in the answer, is that the money which the defendant received from the plaintiff, was a gift. This was affirmative matter, of which the *onus* was upon him to establish by a preponderance of evidence. There was no evidence other than that of the plaintiff of the circumstances attending the transaction between her and the defendant, and it was not disputed that the defendant did in fact receive the money from her; and, while it was competent for him to show that he received it as a gift, there is no presumption that it was a gift; but, in the absence of any other evidence than that the plaintiff delivered the money to him at his request, the law would presume an obligation on his part to return it. The defendant did not testify at the trial, and the only evidence offered in support of his defense was the testimony of one witness that in a conversation with the plaintiff, prior to the date of the loan, she had said to him that she proposed to "advance" to the defendant money enough to put up a house upon his lot, and of two other witnesses who testified that some months after the loan, the plaintiff had said to them that she had "given" the money to the defendant. This testimony, in its most favorable view, was only an admission by the plaintiff to a stranger, remote from the time of the transaction itself, and disconnected therewith, as well as with the defendant, and in a conversation to which the defendant was not

a party, and of which it does not appear that he had any knowledge; and, while the defendant would have been entitled to have it considered by the jury in aid or corroboration of any substantive evidence in support of his claim that the money had been received as a gift, it was insufficient of itself to establish such claim. Her statement that she had "given" him the money was not equivalent to a declaration that she had made him a "gift" of it, since the term is often used as the equivalent of a mere delivery. If the evidence relating to the transaction between the parties had been contradictory, or of an ambiguous nature, her subsequent statement that she had given him the money might have been explanatory of the transaction; but, in the absence of any testimony other than her own relative to the transaction itself, the court was justified in holding that this testimony of her subsequent statements was insufficient to establish the defense, or to authorize the submission of the issue to the jury. Upon the testimony before it the court was authorized to hold that the defendant had not introduced any evidence in support of his defense which he was entitled to have considered by the jury, and it did not err in directing the jury to find a verdict in favor of the plaintiff.

It is undoubted law that when the determination of an issue depends upon the weight to be given to conflicting evidence, or upon the credibility of witnesses, or inferences of fact to be drawn from established facts, the court is not authorized to withdraw the question from the jury; but it is equally settled that when the party upon whom the burden of establishing an issue rests has failed to introduce any evidence in support thereof, the court may direct the jury to find against him upon that issue. As was said by Mr. Justice Clifford in *Improvement Co. v. Munson*, 14 Wall. 448: "In every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed"; and in *Pleasant v. Faut*, 21 Wall. 116, the rule was stated by Mr. Justice Miller as follows: "If the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court may say so to the jury." In

*Bulger v. Rosa*, 119 N. Y. 464, it was said: "The test of the right to direct a verdict is whether the court would be bound to set a verdict aside as against evidence, if rendered against the party in whose favor it was directed. If this would be the duty of the court the judge need not await the verdict before acting, but in advance may rule the question as one of law. But, as verdicts cannot be found on mere conjecture, neither will a shadow or possibility, nor a mere scintilla, stand in the way of ruling the case in favor of the party who shows a substantial right of which there is no substantial contradiction." (See, also, *Commissioners v. Clark*, 94 U. S. 284, and cases there cited; *Lacy v. Porter*, 103 Cal. 605.)

As the verdict was rendered under the direction of the judge, his remarks in giving this direction did not influence the jury in their verdict, and, consequently, was not the subject of an exception.