[S. F. No. 2319.   Department One.—October 10, 1902.]

## DANIEL HURLEY, Respondent, v. JOHN RYAN, Administrator, etc., Appellant.

ESTATES OF DECEASED PERSONS—ACTION UPON REJECTED CLAIM—PLEADING—NON-PAYMENT—BURDEN OF PROOF.—An action upon a rejected claim against the estate of a deceased person presents no exception to the rule that where the plaintiff has proved the existence of the debt sued upon within the period of statutory limitation, he need not prove the necessary allegation of non-payment, but the burden of proof is upon the defendant to prove the payment of the debt.

APPEAL from an order of the Superior Court of Monterey County denying a new trial.   N. A. Dorn, Judge.

The facts are stated in the opinion.

Frank J. Murphy, for Appellant.

B. V. Sargent, and John J. Wyatt, for Respondent.

CHIPMAN, C.—Action to recover for board, lodging, and for services rendered defendant's intestate, Florence McCarthy, in her lifetime.  Plaintiff had judgment, and defendant appeals from the order denying his motion for a new trial.

It appeared from the testimony of plaintiff's wife that the said McCarthy boarded with plaintiff's family from May 8, 1894, to May 5, 1895, and from June 8, 1895, to June 14th, and from July 18th to August 7, 1895,—about thirteen months in all.  During all this time he was sick and required and received the personal nursing and attention of plaintiff and his wife.  The evidence was that these services were reasonably worth $25 per month, and plaintiff's wife testified that, so far as she knew, they had never been paid for.  On August 7, 1895, plaintiff took McCarthy to the county hospital, and he died November 13, 1895.  The claim was duly presented to the administrator, and was refused payment by him.  The complaint was verified, and alleged non-payment, which is denied in the answer, and defendant alleges payment.  The defendant offered no evidence.  The court found that there

was due plaintiff the sum of $325, and gave judgment accordingly. The only point made by appellant is, that there was no proof that the claim had not been paid before the commencement of the action. He relies on section 1867 of the Code of Civil Procedure, which provides, "None but material allegations need be proved," implying, of course, that material allegations must be proved.

The principle was clearly stated and fully considered in *Melone* v. *Ruffino*, 129 Cal. 514,[1] that "where the plaintiff has proved the existence of a debt sued on,—at least within the period of statutory limitation,—the burden of proving payment is on the defendant." It was also held that the averment of non-payment, while "necessary to make the complaint perfect upon its face," need not be proved by plaintiff. "The question," it was said, "is not one of pleading, but of evidence; not what must be alleged, but where the burden of proof lies." In cases of actions on claims against an estate the rule may sometimes place the administrator at a disadvantage. But this disadvantage is about equally balanced by the provisions of section 1880 of the Code of Civil Procedure, which disqualifies parties and assignors of parties to an action, as witnesses, upon a claim or demand against the estate of a deceased person "as to any matter of fact occurring before the death of such deceased person." In the one case the law and in the other death has closed the mouth of the party most likely to know the fact. The plaintiff is not only handicapped in respect of the issue of non-payment, but he sometimes finds it difficult, if not impossible, to prove the existence of the indebtedness, which he must do in order to recover. Whatever may be the hardship in cases like the one here, we can see no ground on which to take the case out of the rule declared in *Melone* v. *Ruffino*, 129 Cal. 514,[1] or make it an exception.

The order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Harrison, J., Garoutte, J., Van Dyke, J.

[1] 79 Am. St. Rep. 127.