[Civ. No. 1373.   First Appellate District.—September 25, 1914.]

JULIA J. SILVERIA, as Administratrix of the Estate of Ellen E. Clark, Deceased, Appellant, v. PAUL C. ALEX-ANDER, Respondent.

Deed—Fiduciary Relations of Parties—Action to Set Aside.—In this action to set aside a deed, executed by a woman to her physician in consideration of his promise to make certain payments of money and to care for her during the remainder of her life, the findings of the court in favor of the defendant on the issues of lack of mental capacity, want of consideration, and undue influence are supported by the evidence.

Id.—Adequacy of Consideration—Whether Material.—While the benefits received by the grantor as a result of such contract were small in comparison with the value of the property conveyed, this is not a sufficient ground for setting aside the conveyance.   In the absence of fraud, the amount of the consideration for the deed is immaterial.

Id.—Support of Grantor—Whether Sufficient Consideration for Deed.—A deed executed in consideration of the grantee's promise to furnish support to the grantor for life is based upon an adequate consideration.

APPEAL from an order of the Superior Court of Alameda County refusing a new trial.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Fitzgerald & Abbott, and Charles A. Beardsley, for Appellant.

Jordan, Rowe & Brann, for Respondent.

RICHARDS, J.—This is an action in equity by the plaintiff, as administratrix of the estate of her mother, Ellen E. Clark, in which it is sought to have a certain deed of the premises, described in the complaint, set aside upon the ground that at the time the deed was made, Ellen E. Clark was acting under undue influence and was of such feeble mind as not to know what she was doing, and that no adequate consideration passed to her from the defendant for the property.

Judgment went for the defendant.   Thereafter, in due time, plaintiff moved for a new trial, which was denied; and this appeal is from that order.

For some time prior to the date of the deed, the property had stood of record in the name of Peter and Bona Wrancovich, who, in consideration for the deed to them, had agreed with Mrs. Ellen E. Clark, the deceased, to take care of her as long as she lived, if she needed money to get it for her, and to bury her; and they also loaned her two hundred dollars. Thereafter, and while the decedent was at the California Woman's Hospital in San Francisco, feeling that she would be ill for some time and not being on good terms with any of her relatives, she, on the second day of April, 1909, sent for Peter Wrancovich. When he arrived, she told him that there would be a large expense to meet for the hospital and doctor, and, if she died, there would be also her funeral expenses to pay; that she had a splendid doctor, who was going to take care of her as long as she lived, which might be for a year or two. "This expense," she said, "you cannot pay." Finally, she requested him to transfer the property to the defendant. Wrancovich was willing to make the requested deed upon payment to him of the two hundred dollars, which he had advanced. The next morning, April 3rd, 1909, a deed from Wrancovich and wife to Dr. Paul C. Alexander was made and handed to Mrs. Clark; whereupon she sent for the defendant, and when he arrived said to him, "Doctor, here is the deed. You were a good doctor to me. You get the deed, and I get the rent; and you support me as long as I live." To all of which the doctor agreed.

Subsequently, Mrs. Clark was removed from the California Woman's Hospital in San Francisco to the Home of Incurables, also in San Francisco; and on the nineteenth day of April, 1909, sixteen days after the Wrancoviches made the deed to the defendant, she, having been advised that it would be prudent to do so, herself executed a deed of the property to him. At the time of making this last deed, when asked by the attorney who drew it why she was doing so, she replied, "Dr. Alexander has been very kind to me; and he is one of the few friends that I have in the world. He not only has treated me when he thought I didn't have any money, but he has treated me ever since I was in the Woman's Hospital. He is going to take care of me and support me, and give me medical attention as long as I live."

These facts, which are undisputed, were corroborated by the testimony of several disinterested witnesses, as was also

the fact that she was of sound mind at the time the deed was made. Upon the subject of the consideration for the deed, the defendant testified as follows: "There was an agreement or understanding between Mrs. Clark and me other than the money I paid for her in regard to the consideration for the deeds of April 3d and 19th. Mrs. Clark asked me to take care of her as long as she lived; and I certainly did. I gave her medical attendance all the time I agreed to; and I paid for her support and maintenance as I agreed to. I was to defray her funeral expenses, and I did that. I visited Mrs. Clark every day and sometimes twice a day for a period of about six weeks before her death; and I gave her the benefit of my medical skill and advice during that time."

It is admitted by counsel for the plaintiff that the defendant paid out altogether on account of the deceased five hundred and six dollars. In addition to this sum, defendant testified that he visited Mrs. Clark sixty times, and that his visits were worth five dollars apiece, making the further sum of three hundred dollars. Mrs. Clark at the time of her death was fifty-six years old. She was the victim of cancer, and died six weeks after the making of the deed to Dr. Alexander. The deed dated April 19th to the defendant is the one sought by this action to be canceled and annuled.

As before stated, the findings of the trial court were in favor of the defendant; and the plaintiff now, as she did on the motion for a new trial, challenges the sufficiency of the evidence to sustain those findings. She asserts that the defendant used undue influence to procure the deed, that the consideration for the deed was inadequate, and that the decedent was without sufficient understanding to make the transfer in question.

Assuming that the evidence shows that a fiduciary relation existed between the defendant and Ellen E. Clark, sufficient to raise the presumption of fraud, still as the court found on material evidence that no undue influence was exercised on her by the defendant in order to procure the execution of the deed, we are unable, even if so inclined, which we are not, to disturb that finding.

As to the claimed lack of consideration, it is sufficient to say that under the agreement the defendant was to make certain payments of money and to care for Ellen E. Clark during the remaining period of her life. He kept that agree-

ment.  True, she died shortly after the deed was executed;
but there is nothing in the record to show that her early
demise was to be expected.  While the benefits received by
her as a result of the contract were small in comparison with
the value of the property conveyed, this is not a sufficient
ground for setting it aside.  In the absence of fraud, the
amount of the consideration for the deed was immaterial.
(*Driscoll* v. *Driscoll,* 143 Cal. 528, 529, [77 Pac. 471].)

It is not disputed, and it has been repeatedly held that a
deed executed in consideration of a grantee's promise to fur-
nish support to the grantor for life is based upon an adequate
consideration.  (*Norris* v. *Lilly,* 147 Cal. 754, [109 Am. St.
Rep. 188, 82 Pac. 425].)

Coming finally to the question concerning the capacity of
Ellen E. Clark to make the deed, and again assuming that the
relation between her and the defendant was fiduciary, and
that for this reason the law casts upon the defendant the bur-
den of proving that the deed was made by Mrs. Clark while
in full possession of her faculties (*Payne* v. *Payne,* 12 Cal.
App. 251, 254, [107 Pac. 148]), still as five witnesses, all un-
impeached, testified that she was not of weak or unsound
mind, but on the contrary was a woman of exceedingly sound,
independent, and strong mind, we are at a loss to see how it
can be seriously contended that the finding as to her sound-
ness of mind was not sustained by the evidence.

No other point urged merits consideration.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.