[Civ. No. 3148. Second Appellate District, Division One.—March 30, 1920.]

## PASADENA TRUST & SAVINGS BANK (a Corporation), as Administrator, etc., Appellant, v. FRANK BRYSON, Administrator, etc., Respondent.

[1] GIFTS—DECLARATIONS OF HUSBAND—INTENT—DELIVERY.—Indorsements made by the husband on envelopes containing certain securities to the effect that such securities are the exclusive property of the wife, while competent to prove the intent of the husband to make a gift of the securities to the wife, are not sufficient to establish delivery of the securities to the wife.

[2] ID.—PRESUMPTION OF TITLE FROM POSSESSION—APPLICABILITY BETWEEN HUSBAND AND WIFE.—The circumstance of the relation of husband and wife, with its confidential incidents, does not deprive either party to the marriage of the right to rely upon the disputable presumptions enumerated in section 1963 of the Code of Civil Procedure that things which a person possesses are presumed to be owned by him and that a person is presumed to be the owner of property from exercising acts of ownership over it, but the question in such cases is an open one dependent upon the particular facts presented.

[3] ID.—FAILURE TO MAKE ACCOUNTING — PRESUMPTION OF TITLE.— Where the securities, bearing the indorsement of the husband that

they were the exclusive property of the wife, were in her exclusive possession for three years after his death and no accounting was made as that the property belonged to the estate of the husband, a case is presented for the application of the presumption of possession as indicative of title.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

James S. Bennett for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn and Arthur Keetch, Deputies Attorney-General, and Thomas A. Wood for Respondent.

JAMES, J.—The appeal in this case is taken from a judgment entered in favor of the defendant.

Frank E. Clark and Margaret T. Clark were husband and wife. The husband died in June, 1911, and the wife three years later. Upon the death of the wife certain securities were found in a safe-deposit box containing effects of the latter. The securities were contained in envelopes which bore indorsements thereon signed by the husband, who, as has been noted, had died three years previous. No administration had been had of the husband's estate prior to the 29th of September, 1915, when petition for letters of administration was filed, and thereafter the plaintiff here was appointed administrator. Besides his wife, Frank E. Clark left only one heir, to wit, a sister. There are no surviving heirs of Margaret T. Clark. In this action it was declared in the complaint that the bonds found to have been in the possession of Margaret T. Clark at her death were property of the estate of Frank E. Clark, and judgment was sought determining them so to be. These bonds were in four envelopes. The envelopes bore indorsements over the admitted signature of Frank E. Clark and the indorsements concluded in the respective instances with the following words: (1) "The above bonds are and long have been the exclusive property of my wife." (2) "These bonds are and always have been the property of my wife, Margaret T. Clark. They represent unpaid coupons attached to the company's 1st mtge formerly owned by said

Margaret T. Clark.'' (3) ''The above bonds are and long have been the sole and exclusive property of my wife, Margaret T. Clark.'' (4) ''These bonds are and always have been the exclusive property of my wife, Margaret T. Clark. They were issued to replace a similar number of the company's original 6% bonds that I gave said Margaret T. Clark about eight years ago.''

The finding made by the trial judge upon the important issue presented by the pleadings was that the securities belonged to Margaret T. Clark at the time of her death, and that she, ''long prior to the death of said Frank E. Clark, became the owner, in possession of, and entitled to the possession of said property.'' ''That at the time of her death said property was the separate property of said Margaret T. Clark.'' A further finding, which seems to be justified by an admission in the pleadings, was made as follows: ''That prior to the time the same became the property of said Margaret T. Clark, the same had been the separate property of Frank E. Clark, and the same had been delivered to him as a part of his share of the estate of his mother, Emily D. Clark.'' There was no evidence submitted to the court expressly showing when, if at all, the securities were delivered by the husband to the wife; there was no testimony showing that the securities were in the possession of the husband at the time of his death, so that the case must be determined upon the evidence of the indorsements appearing upon the envelopes and the fact that the securities were found in a deposit box belonging to Margaret T. Clark after the latter's death. There is the added fact to be taken notice of that three years had elapsed after the death of the husband before the decease of the wife, and that these securities had never been accounted for as a part of the estate of the husband and no administration of the latter's estate had been made. The case, as presented by the briefs, assumes that if Margaret T. Clark obtained title to these securities, she did so by way of gift from her husband. It is not contended that the indorsements made by the husband affirming title to be in his wife are sufficient of themselves to determine the question of ownership. [1] That such declarations are competent to prove the intent of the donor is not questioned (*Ruiz* v. *Dow,* 113 Cal. 490, [45 Pac. 867]; *Estate of Hall,* 154 Cal. 527, [98 Pac. 269]); that they are

insufficient to establish delivery, that essential element of a completed gift, is denied. Each of these assertions seems to be a correct statement of the law. Section 1963 of the Code of Civil Procedure enumerates certain disputable presumptions which are to be indulged in some circumstances. One is, that things which a person possesses are presumed to be owned by him; another is, that a person is presumed to be the owner of property from exercising acts of ownership over it; a third is, that a person is presumed to be innocent of a crime or a wrong. It is admitted that as between strangers the presumption of ownership arising from possession is sufficient to establish the fact of ownership unless overcome by other proof. In other words, that the judgment of the court in this case would be amply supported, except for the single fact that Margaret T. Clark was the widow of Frank E. Clark; that because of this relation the presumption would not apply, and that, if anything, the contrary presumption would obtain. [2] We think it not correct to say that the circumstance of the relation of husband and wife, with its confidential incidents, deprives either party to the marriage of the right to rely upon the presumption of possession as indicative of title. The question in such cases is an open one dependent upon the particular facts presented. The case of *Chambers* v. *McCreery*, 106 Fed. 364, [45 C. C. A. 322] cited by the appellant, was a case where the evidence affirmatively showed that a safe-deposit box, in which the property in dispute was found, had been one used in common between the husband and wife, each having access thereto. In that case, therefore, the fact of exclusive possession in the one party was not shown; hence, no case was presented to which the presumption of ownership could properly apply. *Humble* v. *Gay*, 168 Cal. 516, [143 Pac. 778], was a case where the evidence showed only a written offer to make a gift, and showed further that there had been neither acceptance nor possession taken of the property by the intended donee. [3] Here, not only was the exclusive possession found to be in the wife, but further, there were the written declarations of the husband affirming that the wife owned the property, and still further, the fact that for three years she held possession of these securities and no accounting was made as that the property belonged to the estate of the husband.

The withholding of such property, had there not been a completed gift prior to the death of Clark, would have been a wrong, and such will not be presumed to have been committed by the wife; rather the contrary, as is declared by the provisions of section 1963 of the Code of Civil Procedure. We think that to hold in a case illustrated by the facts here presented, that no presumption of ownership attached to the established possession of the wife, would be to announce a harsh rule and one which, in justice, should not be enforced.

In reviewing this case we have pointed to the findings which were most vital to the controversy and summed up all of the evidence which, to our minds, is material to the main issue. There are other findings which might be discussed, especially that referring to the alleged fact that the wife, prior to her death, converted the securities (that being a questionable finding on the evidence), but we think it unnecessary to give particular consideration to those matters. The correctness of the finding adverted to would be immaterial in the view we take of the case.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 28, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1920.

All the Justices concurred.