[Civ. No. 3179.  Second Appellate District, Division Two.—August 10, 1920.]

## GEORGE L. COLE, Respondent, v. MATT A. WOLF-SKILL et al., Executors, etc., Appellants.

[1] PHYSICIAN AND PATIENT — CONFIDENTIAL RELATIONSHIP — EFFECT ON TRANSACTIONS—CONSUMMATION OF DESIRES.—While the relation of physician and patient is confidential, and the law demands the strictest good faith and fair dealing in all transactions arising from that relationship, when satisfactory proof has been made that a person has freely and voluntarily disposed of his property in accordance with his wishes, and his capacity and volition are apparent, the existence of the confidential relation will not prevent the consummation of his desires.

[2] ID.—PRESUMPTION OF CONSIDERATION FROM WRITING—HOW OVERCOME—VIOLATION OF CONFIDENCE.—To overcome the presumption of consideration evidenced by a writing, it is not sufficient to show merely that the confidential relation existed, but it must be made to appear that the relationship was used to obtain an unfair advantage, or that the confidence was violated.

[3] ID. — EXECUTION OF NOTE IN PAYMENT OF SERVICES — MENTAL CAPACITY—KNOWLEDGE—BELIEF — CONSIDERATION — DIRECTED VERDICT.—In an action by a physician against the representatives of the estate of a deceased patient on a rejected claim based upon a promissory note executed by the deceased, where it appears by undisputed evidence that the deceased, at the time she executed the note, was in full possession of all her faculties, acting freely and voluntarily, with full knowledge of all the plaintiff had done for her during her illness, and that in grateful appreciation of his services, she executed the note in payment of his account, believing it to be a reasonable charge, the trial court is justified in directing a verdict for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wheaton A. Gray, William Alvin Bowen and Ernest S. Williams for Respondent.

Alfred F. MacDonald, Davis & Rush, G. Harold Janeway and Hunsaker, Britt & Edwards for Appellants.

WELLER, J.—This appeal is from a judgment entered on an instructed verdict. The complaint alleged that the decedent in her lifetime executed to plaintiff her promissory note for the sum of twelve thousand five hundred dollars, and that a claim based on such note was presented to the defendants, as executors, and rejected. In the answer defendants pleaded the relationship of physician and patient between the decedent and plaintiff, and that the execution of the note was procured by undue influence and without adequate consideration.

From the testimony of witnesses at the trial, it appears that decedent was a widow, about seventy-one years of age, and without business experience until after her husband's death, when she administered his large estate, with the assistance of agents and attorneys. She was of a confiding and generous disposition, possessed of a strong will, and was bright, capable, and clear-headed. The plaintiff had been for many years her family physician, and a neighbor; but, though their relations were very friendly, there was nothing of a business nature between them prior to the execution of the note in question, except with regard to his fees, which she had paid. In May, 1915, the doctor amputated one of decedent's legs, with the assistance of three other physicians whom he called for the purpose. Mrs. Wolfskill recovered sufficiently from the effect of the operation to make a trip to the Orient, accompanied by a servant, returning some time in December, 1915. Subsequent to her return she contracted the illness which resulted in her death, in January, 1916. During her convalescence after the operation, and in the month of July, 1915, the doctor visited decedent one day, and, in the presence of the nurse, jokingly inquired of Mrs. Wolfskill how much he owed her for his visits, to which she responded by inquiring how much she owed him. At this point the nurse left the room, and did not hear the conversation that ensued. Several days later the doctor again called, bringing with him the note, which Mrs. Wolfskill signed. At the time of the signing of the note decedent offered to secure payment thereof by a mortgage on her Pasadena home, which offer, however, the doctor rejected, stating that her signature would be sufficient, and that she should keep her home clear. The doctor also informed Mrs. Wolfskill that he had paid the other physicians; and on

delivery of the note to him, gave her a receipt for twelve thousand five hundred dollars for professional services, which, by its terms, included payment of the three assistants. After his departure, Mrs. Wolfskill remarked to the nurse that she thought the charge reasonable, that she would not have been surprised if it had been twenty thousand dollars, and expressed appreciation of what the doctor had done for her.

The two sons of the decedent, executors of her will, testified that their mother had a clear, strong mind, a positive character, and that she was a good house manager. She had administered her husband's estate, which was appraised at two million six hundred thousand dollars, in a satisfactory manner, and no criticism was made of the conduct of any of her business affairs. From this undisputed testimony it is sufficiently established that Mrs. Wolfskill was fully capable of contracting; that the plaintiff had rendered her valuable services; and that the note was voluntarily executed by her in settlement therefor, in the belief that the charge was reasonable. There was no evidence introduced tending to show any incapacity or weakness of mind on the part of Mrs. Wolfskill, or that she was unduly influenced by the doctor in making the note.

It is contended by appellants that by reason of the proof that the note was executed by a patient to her physician during such relationship, the presumption arose that it was obtained by undue influence and without sufficient consideration, and that the burden then shifted to plaintiff to prove that the transaction was voluntary and based upon an adequate consideration.

[1] It undoubtedly is the established rule that the relation of physician and patient is confidential; and the law demands the strictest good faith and fair dealing in all transactions arising from that relationship. Once this relation is shown to exist, all dealings between the parties will be closely scrutinized to ascertain if the confidence of the trusting party has been betrayed or his mind unduly influenced to his prejudice. But when satisfactory proof has been made that a person has freely and voluntarily disposed of his property in accordance with his wishes, and his capacity and volition are apparent, the existence of the confidential relation will not prevent the consummation of his desires. (*Estate of Wickes,* 139 Cal. 195, [72 Pac. 902].)

Under the provisions of section 2235 of the Civil Code, all transactions by which a trustee obtains any advantage from his beneficiary are presumed to be entered into by the latter without sufficient consideration and under undue influence. It has been held that the fact must be alleged and proved that the client has suffered some injury through the abuse of confidence by his attorney. If it were enough to show that the contract was entered into during the relationship, and that thereupon the presumption would arise that it was fraudulent, it would follow either that all contracts between an attorney and client or physician and patient are voidable, or that a party is entitled to relief on the ground of fraud without showing that damage resulted from the fraud. (*Kisling* v. *Shaw*, 33 Cal. 425, [91 Am. Dec. 644].) A written instrument is presumptive evidence of consideration (Civ. Code, sec. 1614) ; and the burden of showing want of consideration to support an instrument lies with the party seeking to invalidate or avoid it (Civ. Code, sec. 1615). [2] To overcome the presumption of consideration evidenced by a writing, it is not sufficient to show merely that the confidential relation existed, but it must be made to appear that the relationship was used to obtain an unfair advantage or that the confidence was violated. (*Dimond* v. *Sanderson*, 103 Cal. 97, [37 Pac. 189].) The rule is less stringent where it appears that the trustee was not advising the beneficiary in the conduct of business, but assumes a hostile attitude, and is urging the payment of a debt due himself. (*Johnson* v. *Fesemeyer*, 3 De Gex & J. 22.)

The result of a drastic application of the rule invoked here would be to preclude a physician from bargaining with a patient in regard to his fees, and to deprive persons occupying confidential relations of the power of contracting with each other for compensation, which, in all cases, would of necessity be fixed by a court or jury regardless of the circumstances under which the parties arrived at an agreement between themselves.

Counsel argues that it does not appear in this case that Mrs. Wolfskill was informed as to the amounts paid to other physicians, or what services were performed by the plaintiff, although peculiarly within his knowledge. It must be borne in mind that this is an action to recover a debt due from an estate; and the lips of the plaintiff are sealed as

effectually by the terms of section 1880 of the Code of Civil Procedure as the voice of the decedent is stilled by the grim reaper. What he knows can never be revealed to an earthly tribunal; and what occurred between the parties must ever remain undisclosed to mortal judge.

[3] But it does appear by the undisputed evidence that the decedent was in full possession of all her faculties, acting freely and voluntarily, with knowledge of all the doctor had done for her during her illness; and in grateful appreciation of his services she executed the note in payment of his account, believing it to be a reasonable charge. In the absence of undue influence, the adequacy of the consideration is immaterial. (*Silveria* v. *Alexander,* 25 Cal. App. 506, [144 Pac. 303].)

Under the circumstances, we are of the opinion that the trial court was justified in its instruction to the jury to find for the plaintiff.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 7, 1920.

All the Justices concurred.