· [S. F. No. 8967. In Bank.—January 27, 1921.]

## ELIZABETH M. McKAY, Appellant, v. DAVID McKAY, as Executor, etc., Respondent.

[1] ACTION FOR MONEY LOANED—PLEADING AND EVIDENCE—PROOF OF LOAN.—In an action by a wife against the executor of the will of her deceased husband to recover moneys alleged to have been loaned by her to him during his lifetime, where the complaint was phrased in the language of the common count for money loaned and cash advanced for the use and benefit of deceased, defendant's answer expressly denying an indebtedness in any sum whatever between the deceased and plaintiff either on account of any of the matters referred to in plaintiff's complaint, or otherwise, or at all, was sufficient to negative the existence of a loan, and to require proof on the part of the plaintiff as to the fact of the making of the loan.

[2] EVIDENCE—PAYMENT OF MONEY—PRESUMPTION OF INDEBTEDNESS—DISPUTABLE PRESUMPTION.—The presumption that money paid by one to another was due to the latter is a disputable presumption.

[3] NONSUIT—EVIDENCE—PRESUMPTIONS.—Upon a motion for nonsuit, the evidence adduced in support of plaintiff's case and every presumption and inference that may be fairly deduced therefrom must be viewed in the light most favorable to the plaintiff's case and against the motion for a nonsuit.

[4] HUSBAND AND WIFE—TRANSACTIONS BETWEEN PARTIES—LACK OF CONSIDERATION—UNDUE INFLUENCE—PRESUMPTIONS FROM RELATIONSHIP.—Pursuant to the provisions of sections 158, 2219, and 2235 of the Civil Code, transactions between husband and wife are covered and controlled by the rule applicable to transactions between trustees and beneficiaries, which is to the effect that, where the trustee obtains an advantage from the beneficiary, the

presumption is that such advantage was secured without considera-
tion and as the result of undue influence.

[5] ID.—TRANSFER OF MONEY FROM WIFE TO HUSBAND—PRESUMPTION.
The receipt by the husband of the wife's money presumptively
makes him her debtor and imposes upon him the legal duty of
returning it to her, and no affirmative proof is required on her
part to show that he received the money as a loan and not as
a gift, but, on the contrary, the burden is upon him or his heirs
claiming the money to show circumstances entitling him or them
to retain it.

[6] EVIDENCE—PRESUMPTION ARISING FROM RELATIONSHIP OF HUSBAND
AND WIFE—PRESUMPTION ARISING FROM PAYMENT OF MONEY—
SUPERIORITY.—The presumption that any advantage obtained by
a husband from a wife was obtained without consideration and
under undue influence must, in the absence of any rebutting evi-
dence, prevail over the general presumption that money paid by one
to another was due to the latter.

[7] HUSBAND AND WIFE—ACTION BY WIFE FOR MONEY LOANED—PROOF
OF TRANSFER—PRIMA FACIE CASE.—In an action by a wife against
the executor of the will of her deceased husband to recover moneys
alleged to have been loaned by her to him during his lifetime, proof
of payment of moneys by her to him made out a *prima facie*
case for the plaintiff, and it thereupon devolved upon the defend-
ant to prove that a valuable consideration was given therefor or
that the money was a gift, free from that undue influence which is
otherwise presumed.

[8] ID.—NONPAYMENT—BURDEN OF PROOF.—In such an action, it was
unnecessary for plaintiff to prove the allegation of nonpayment,
for if there had been a repayment by deceased, the burden of
proving it rested upon defendant.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John T. Nourse, Judge.
Reversed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon
for Appellant.

Goodfellow, Eells, Moore & Orrick and C. J. Goodell for
Respondent.

LENNON, J.—Plaintiff below, appellant here, instituted
this action against the executor of the last will and testa-
ment of her deceased husband for the sum of two thousand

four hundred dollars, claimed as a balance due to her for moneys alleged to have been loaned and advanced by her to her husband during his lifetime. The proved facts of plaintiff's case are these: Upon five different occasions between November, 1908, and July, 1914, decedent received from plaintiff, out of her separate property, sums varying in amounts from four hundred dollars to one thousand dollars. These facts, because of defendant's objection to any testimony by plaintiff "as to any matter or fact occurring before the death of such deceased person" (Code Civ. Proc., sec. 1880, subd. 3), were established primarily by documentary evidence. This evidence consisted of plaintiff's bank passbooks which showed certain withdrawals from her bank account; decedent's pass-books showing deposits of identical amounts in his bank account at about the same time as the withdrawals from plaintiff's bank account and a cash-book kept by decedent containing debit entries of the same sums and date as the deposits. In addition to this evidence, the receipt of said sums by decedent was an admitted fact in the case. Upon this the plaintiff rested.

There being no evidence whatever as to the purpose for which these sums were transferred to decedent and no direct evidence of an indebtedness of either party to the other, the trial court simply applied to the established and admitted facts of the plaintiff's case the presumption "that money paid by one to another was due to the latter" (Code Civ. Proc., sec. 1963, subd. 7). Therefore, upon defendant's motion, the trial court entered a judgment of nonsuit upon the ground that plaintiff's evidence failed to show that the decedent was indebted to plaintiff at any time in any sum whatsoever and that, assuming that there was evidence of an indebtedness, the evidence failed to show that it was not paid by the decedent. From this judgment the plaintiff appeals.

[1] The defendant's answer, by merely denying the indebtedness and failing to deny specifically the facts out of which the indebtedness is claimed to have arisen, did not admit the existence of the loan inferentially alleged in the complaint. The complaint is phrased in the language of the common count for money loaned and cash advanced for the use and benefit of said decedent, and, therefore, while directly averring an indebtedness, it only indirectly avers the

existence of a loan or advance of cash by plaintiff as the origin of said indebtedness. Defendant's answer expressly denies an indebtedness in any sum whatever between the decedent and plaintiff "either on account of any of the matters referred to in plaintiff's complaint or otherwise, or at all," and further expressly denies that "said sum of twenty-four hundred ($2400) dollars, or any other sum, is or ever was due or owing from defendant to plaintiff." In view of the fact that the making of the loan was only alleged by indirection in the complaint, the denials of the answer must be held to sufficiently negative the existence of a loan, and hence proof was required on the part of the plaintiff as to the fact of the making of said loan.

We are of the opinion that the proven and admitted facts of the plaintiff's case, aided by the presumption flowing therefrom, which will be discussed hereafter, establish the existence of the loan to decedent by plaintiff and thereby make out a case for the plaintiff sufficient to overcome the motion for nonsuit.

[2-3] The presumption relied upon by respondent to the effect that "money paid by one to another was due to the latter" is a disputable presumption (Code Civ. Proc., sec. 1963), and, upon a motion for nonsuit, the evidence adduced in support of plaintiff's case and every presumption and inference that may be fairly deduced therefrom must be viewed in the light most favorable to the plaintiff's case and against the motion for nonsuit. (*Estate of Arnold,* 147 Cal. 583, [82 Pac. 252]; *Rauer* v. *Hertweck,* 175 Cal. 278, [165 Pac. 946].) In this behalf, it is apparent that, when considering the motion for nonsuit, certain inferences favorable to the plaintiff and naturally arising from the plaintiff's evidence were ignored by the trial court. Thus, decedent's cash-book, admittedly in his own handwriting and offered and received in evidence, contained not the slightest indication of an advance of any considerable sum by decedent to plaintiff, either previous or subsequent to the transfer of the money in question from plaintiff to decedent. In view of the exactness with which decedent's cash-book was shown to have been kept, both by intrinsic evidence and the testimony of respondent who was fairly familiar with certain business affairs of decedent, and in view of the minuteness of the entries therein, which even included small items of house-

hold expense, it may readily and rightfully be inferred that, had plaintiff previously become indebted to decedent for the sums turned over to him by her, the cash-book would have shown the origin of such indebtedness. The evidence also tends to show that plaintiff was in affluent circumstances, possessing considerable cash of her own, and from this fact an inference is fairly deducible that she was not indebted to her husband. Therefore, whatever its weight upon a trial on the merits, the evidence adduced in support of plaintiff's case may justifiably be said, when considered in the light most favorable to plaintiff upon and for the purpose of a motion for a nonsuit, to warrant the inference that the plaintiff was not indebted to decedent; that the money received by him was loaned to him, and that he intended to account therefor to her at some later time.

The presumption that "money paid by one to another was due to the latter," relied upon by respondent, cannot control in the presence of the established and admitted facts of the plaintiff's case. [4] Pursuant to the provisions of sections 158, 2219, and 2235 of the Civil Code, transactions between husband and wife are covered and controlled by the rule applicable to transactions between trustees and beneficiaries, which is to the effect that, where the trustee obtains an advantage from the beneficiary, the presumption is that such advantage was secured without consideration and as the result of undue influence. [5] It is the settled rule that the fact of the receipt by the husband of his wife's money presumptively makes him her debtor and imposes upon him the legal duty of returning it to her, and no affirmative proof is required on the part of the wife to show that the husband received the money as a loan and not as a gift. To the contrary, the burden is upon the husband, or his heirs claiming the money, to show circumstances entitling him, or them, to retain the same. (*White* v. *Warren,* 120 Cal. 322, [49 Pac. 129, 52 Pac. 723]; *Wormley's Estate,* 137 Pa. St. 101, [20 Atl. 621]; *Stickney* v. *Stickney,* 131 U. S. 227, [33 L. Ed. 136, 9 Sup. Ct. Rep. 677, see, also, Rose's U. S. Notes].)

[6] In the instant case the plaintiff, as the wife of decedent, proved the payment by her to the decedent of considerable sums of her own money. We, therefore, have before us, as the trial court had, a situation out of which two presumptions operating as evidence might arise, namely, that

money paid by one to another was due to the latter, and that any advantage obtained by a husband from a wife was obtained without consideration and under undue influence. It is evident that the latter presumption must, in the absence of any rebutting evidence, prevail over the former, for, not only is it the less general of the two, but the very reason for the existence of this particular presumption is to afford relief in just such contingencies as the present, namely, when there has been a transfer of money from the wife to the husband. The result is that the fact of the relationship of the parties creates a presumption of lack of consideration and undue influence which, until it is overcome by other evidence, is paramount to the general presumption, which would arise under ordinary circumstances upon mere proof of payment, to the effect that money is due to the person to whom it is paid. (*Wilcox* v. *Wilcox,* 171 Cal. 770, 774, [155 Pac. 95].) Of course, it is possible that the circumstances accompanying or following a transfer from the wife to the husband might be of such a nature as to overcome this presumption as to undue influence and thus revive the general presumption as to the purpose of payment specified in subdivision 7 of section 1963 of the Code of Civil Procedure. (*Pasadena etc. Bank* v. *Bryson* (Cal. App.), 189 Pac. 816.) No such circumstances appear, however, in the present case.

[7] It follows, then, that, transfers of money by plaintiff to her husband having been proven and admitted, a *prima facie* case was made out for the plaintiff. It thereupon devolved upon the representative of decedent's estate to prove that a valuable consideration therefor was given by decedent or that the money in question was a gift to the decedent, free from that undue influence which is otherwise presumed. (*White* v. *Warren, supra.*)

[8] It was contended by counsel for defendant that, assuming the advances and loans had been established and the indebtedness proven, the nonsuit should be granted because of plaintiff's failure to prove the nonpayment of the debt. The failure of the cash-book to disclose a repayment by decedent, together with the fact that no receipts for a repayment were found by defendant among decedent's effects, were sufficient to have compelled the denial of the motion for nonsuit on this ground. (*Cowdery* v. *McChesney,* 124 Cal. 363, [57 Pac. 221].) Moreover, it was unnecessary for plaintiff

to prove the allegation of nonpayment. If there had been a repayment by decedent, the burden of proving it rested upon defendant. (*Melone* v. *Ruffino*, 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93]; *Hurley* v. *Ryan*, 137 Cal. 461, [70 Pac. 292]; *Stuart* v. *Lord*, 138 Cal. 672, [72 Pac. 142].)

For the reasons stated, the nonsuit was erroneously granted and, therefore, the judgment entered thereon is reversed.

Wilbur, J., Sloane, J., Angellotti, C. J., Shaw, J., Olney, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.