REYNOLDS v. NUGENT.

CONTRACT.—CONSIDERATION.—A. signed a written contract by which he agreed to enter the military service of the *United States* to the credit of *Tobin* township, in consideration of the payment of a bounty of $100. B, the agent of the township, accompanied A to the mustering officer to procure his muster in, and to pay him the bounty promised. While there, A was offered by others a bounty of $350, and refused to perform his contract, unless the township would pay him that amount, and B, thereupon, to induce A to perform his contract, promised that he would be responsible that A should receive that amount from *Tobin* township.

*Held*, that as A was already bound by his contract to enter the military service for a bounty of $100, there was no consideration for the promise to pay him more.

APPEAL from the *Perry* Common Pleas.

RAY, J.—Complaint for work and labor performed. The bill of particulars filed with the complaint is as follows: "To services in the *United States* army, which were credited to *Tobin* township, at the request of said *Reynolds*, and payment of which was promised by said *Reynolds*, $360." Answer, general denial. Trial by the court. Finding for the appellee. Motion for a new trial overruled, and judgment on the finding of the court for $250.

The error assigned is that "the finding and judgment of the court are contrary to the law, and to the evidence given on the trial."

The evidence shows that *Reynolds* was appointed treasurer of an association of the citizens of *Tobin* township, *Perry* county, to raise money to clear the township of the draft. *Nugent* and others had signed a recruiting roll, and by the contract with the recruiting officer were to be credited to *Tobin* township on the muster-in roll, and were each to receive $100 bounty out of the money raised by said township. The plaintiff states, "We left here as the recruits of *Tobin* township, going to *Jeffersonville* to be mustered in." It was necessary for the recruits to go to *Jeffersonville* to be

mustered into the service, and *Reynolds* was appointed to go with them and pay them the $100 bounty at the mustering office. Thus far there is no conflict in the testimony. There is also testimony tending to show that, on the way from *Tobin* township to *Jeffersonville*, *Reynolds* told *Nugent* and others that he would give $10 more than a recruiting agent who came aboard the boat and offered $350 bounty. At *Jeffersonville*, while the muster rolls were being made out, a recruiting agent from *Evansville* was offering $350 bounty. *Nugent* said he would give *Tobin* township the refusal of his services as a recruit, and told *Reynolds*, who said he would make the bounty of *Tobin* township as much as any. *Nugent* told him the township would not raise the money. He replied, "Don't stand back. I am responsible." To which *Nugent* replied, "Your obligation is good." *Nugent* was afterward credited upon the muster rolls to *Tobin* township, received $100, and told the mustering officer, according to the testimony of *Reynolds*, that he had received the bounty promised.

It is urged, on behalf of the appellant, that the promise of *Reynolds* to pay $350 was void for want of consideration. This position, in our judgment, is correct. The contract was already complete and perfect. *Nugent* had, as he states, agreed to enter the military service of the *United States* and have the credit given to *Tobin* township, upon the promise that he should be paid the sum of $100. That promise was binding upon both parties. The one promise was a sufficient consideration for the other. He now claims that the appellant, to induce him to fulfill his legal obligation, promised to pay him an additional sum. There were no new duties assumed by *Nugent*, but he claims that, in consequence of the promise by the appellant, he went forward and performed the contract he was already under legal obligation to comply with. If the appellant made the promise, it was without any adequate consideration, and cannot be enforced in law. 1 Parsons on Contracts, 5th ed., 437. That a promise to do what a person is bound

to do by law is not a good consideration for another undertaking, and that a person is not bound to fulfill his promise to pay another for doing what he is bound by law to do, is well settled. Thus, a promise to pay extra compensation to a witness obliged by law to attend upon subpœna is not binding, if the witness has been served. In *Collins* v. *Godefroy*, 1 Barn. & Adolph, 949, Lord TENTERDEN, C. J., says: "If it be a duty imposed by law upon a party regularly subpœnaed to attend from time to time to give his evidence, then a promise to give him any remuneration for loss of time incurred in such attendance is a promise without consideration." And it can make no sort of difference whether the duty be one imposed by statute, or one which has been assumed by contract. The well known cases of promises by masters of vessels to pay sailors extra for doing only their duty, illustrate this. *Harris* v. *Watson*, Peake 72; *Stilk* v. *Myrick*, 2 Camp. 317. On the same principle, a promise by a creditor to accept part payment of a debt in full satisfaction is not binding. In like manner, a promise by the holder of a joint and several note to one maker, who had paid part or promises to pay part, to look only to the other maker for the balance is not binding, and is no defense to an action to recover such balance of the first maker. The payment of a debt by a debtor, the same being due and payable, is not a sufficient consideration to support a promise. It is not considered as any detriment to the debtor, or benefit to the creditor. The one pays what he was bound to pay, and the other receives no more than his just debt. Such a consideration is merely nominal and insignificant, and is deemed in law no consideration at all. *Smith* v. *Bartholomew et al.*, 1 Metcalf 276.

Nor does it add anything to the plaintiff's claim in this case, that he attempts to establish a personal contract with the agent of those to whom he was already bound.) He knew of that agency, and therefore could only treat with him, so far as the subject matter of that contract was involved, in his capacity as agent. The plaintiff well knew

that the defendant accompanied him as the agent of the parties with whom the contract had been made, simply to comply with the terms of the contract, and that as such agent he had no power to make any new contract, still less to release the plaintiff from the obligation already incurred, and make a new contract on his own behalf.

Upon the evidence in this case, there can be no recovery against the defendant. The new trial should have been granted.

The judgment is reversed, with costs, and the cause remanded.

*L. Q. & C. A. DeBruler*, for appellant.

*T. F. DeBruler*, for appellee.