[No. 7,641.—Department One.]

## M. H. GOODWIN *v.* MARY E. GOODWIN.

UNDUE INFLUENCE—FRAUD—PLEADING.—In an action to set aside a deed executed by Jesse O. Goodwin, deceased, to the defendant, the allegation of the complaint was: "Said defendant, contriving and intending to defraud the said Jesse O. Goodwin of his said property, attempted to and did, without just cause, prejudice the mind of the said Jesse O. Goodwin against his relatives, and especially the plaintiff, and by means of false representations *and* improper and undue influence, aided by the weakness of understanding of the said Jesse O. Goodwin, did prevail upon him to execute, acknowledge, and deliver the above-mentioned conveyance without any good, valuable, or lawful consideration whatever."

*Held:* The complaint is insufficient. Even if it is admitted that "undue influence" is an ultimate fact to be pleaded *his verbis*, it is not alleged that the execution of the conveyance was induced *solely* by such influence. Nor is the allegation sufficient as an allegation of fraud, because the facts constituting fraud are not stated.

Id.—DEFINITION.—The undue influence, to vitiate an act, must amount to force and coercion, destroying free agency; it must not be the influence of affection and attachment; it must not be the mere desire of gratifying the wishes of another, for that would be a very strong ground in support of a testamentary (or other) act; further, there must be proof that *the act* was obtained by this coercion, by importunity which could not be resisted; that it was done merely for the sake of peace; so that the motive was tantamount to force, or fear.

APPEAL from an order sustaining defendant's demurrer to plaintiff's amended complaint, and from a judgment for defendant, in the Superior Court of Sutter County. KEYSER, J.

*Gray & Gale,* for Appellant.

*Belcher & Belcher,* for Respondent.

The COURT:

Even if it be admitted—and except for the purposes of this decision we do not admit it (see *Estate of Gharky,* 57 Cal. 274)—that "undue influence" is an ultimate fact, to be pleaded *his verbis,* still the complaint is insufficient.

The allegation in the complaint is: "Said defendant, contriving and intending to defraud said Jesse O. Goodwin of his said property, attempted to and did, without just cause, prejudice the mind of said Jesse O. Goodwin against his relatives, and especially the plaintiff, and by means of false representations and improper and undue influence, aided by the weakness of the understanding of the said Jesse O. Goodwin, did prevail upon him to execute, acknowledge, and deliver the above-mentioned conveyance, without any good, valuable, or lawful consideration whatever."

Mr. Jarman states the result of the cases as follows: "The influence to vitiate an act must amount to force and coercion, destroying free agency; it must not be the influence of affection and attachment; it must not be the mere desire of gratifying the wishes of another, for that would be a very strong ground in support of a testamentary (or other) act; further, there must be proof that *the act* was obtained by this coercion, by importunity which could not be resisted; that it was done merely for the sake of peace; so that the motive was tantamount to force or fear." (1 Jar. on Wills, Perk. notes, 41.)

It is manifest that the averment of the complaint with respect to *improper and undue* influence was not intended to be the equivalent of an averment of the " undue influence" which (we will concede for the sake of the argument) may be thus pleaded, and which deprives one beneath its control of all freedom of volition and action, because it is not alleged that the execution of the conveyance was induced solely by such influence.

But if it were so intended, and it be admitted that an allegation of " undue influence," *in hœc verba,* implies an influence which, if exerted, would deprive the person subjected by it of all power of will, it must also be admitted that, to constitute a cause of action, such allegation must be accompanied by a distinct charge that the undue influence compelled the act claimed to be voidable. The exertion of undue influence upon the *very act* must be proved (Redf. L. and P., Surrogates, 174, and cases cited), and, of course, must be distinctly *alleged.*

Whether the averments of the complaint with reference to fraudulent representations be considered, either, as separated from the averment as to improper and undue influence, or, as intended in connection with that averment to constitute a charge of fraud; that is to say, whether the complaint be considered as charging a fraud independent of the improper influence, or as charging a fraud brought about by false representations *and* improper and undue influence, the averments are insufficient, because the facts constituting the fraud are not stated. (*Oakland* v. *Carpentier*, 21 Cal. 642; *Castle* v. *Bader*, 23 id. 75.) The representations alleged to be false should have been recited, that the Court might judge of their materiality. On the other hand, there is no separate statement of an " undue influence" which induced the execution of the deed. The allegation is that defendant "prevailed upon" deceased to execute the deed, not by undue influence, but by *improper and* undue influence *and fraudulent representations.* It is not said that the influence was acquired by fraudulent representations (and assuming, as we are now doing for the purpose of this case, that undue influence is an ultimate fact, to be pleaded in terms, it is entirely immaterial how it is acquired), but that deceased was persuaded or in-

duced to execute the instrument *partly* by false representations and *partly* by undue influence. The improper and undue influence thus declared not to have been exclusive in its operation, but only to have aided toward the accomplishment of the fraudulent result, can not be regarded in the pleading as the same thing as the moral duress or restraint known as "undue influence;" which, as an independent and ultimate fact, can only exist where its employment must necessarily deprive the person, with reference to whom it is exerted, of all volition.

In brief: Even if it be admitted that plaintiff might have alleged that defendant had an "undue influence" over Jesse O. Goodwin, and by exerting such influence had induced him to execute the conveyance, plaintiff has not alleged that Jesse O. Goodwin was induced to execute the conveyance by such undue influence.

Judgment affirmed.