## McCarty v. The Hampton Building Association.

1. **Contract**: CONDITIONS ADDED WITHOUT CONSDERATION, NOT ENFORCEABLE. Where plaintiff contracted to do certain work according to specifications, and was so executing his contract, and defendant, under threats of stopping the work, and without any further consideration exacted and secured from plaintiff a guaranty concerning the work not embraced in the original contract, *held* that such guaranty was not binding upon plaintiff, and that, in an action brought by him for the con. tract price of the work, a failure of said guaranty could not be set up as a defense.

*Appeal from Franklin District Court.*

TUESDAY, JUNE 12.

ACTION in equity for the establishment of a mechanic's lien. Judgment for the plaintiff, and defendant appeals.

*McKenzie & Hemingway,* for appellant.

*Henley & Gilger,* for appellee.

SEEVERS, J.—In July, 1880, the plaintiff and defendant entered into a contract in writing, whereby the plaintiff contracted to construct and place in a building erected by defendant a steam heater, in accordance with certain specifications. The plaintiff claims to have complied with the contract on his part, and seeks in this action to recover a balance due him, and establish a mechanic's lien therefor on the real

estate.   The defendant pleaded:   *First*, that the plaintiff guarranteed that the heater would not consume more than one hundred and twenty-five tons of soft coal annually, but that in truth and in fact much more than the quantity of coal above stated is required to properly heat the building; *Second*, that to induce the defendant to contract with the plaintiff, the latter represented that the building could be properly heated with one hundred tons of soft coal annually, but that said representations were false and fraudulent, and that it will take three hundred tons of coal to properly heat said building with the heater; and, *Third*, that the plaintiff agreed and undertook to construct and place the heater in the building aforesaid in a skillful and workmanlike manner, which he failed to do, and thereby the defendent has been greatly damaged.

I.   There is no sufficient evidence to establish the charge of fraud, nor is there any evidence tending to show that the heater was not properly constructed, or was negligently set up.   We do not understand counsel for appellant to claim that the court erred in any respect, except in overruling the first defense above stated.   The plaintiff agreed in writing to construct the heater according to certain specifications.   What the specifications were, the record fails to disclose.   But it is not claimed that there was anything in the specifications in relation to the quantity of coal that would be required.   As the contract and specifications were in writing, it is doubtful, to say the least, whether any oral representations made prior to or at the time the contract was entered into was admissible to add to or change the terms and conditions of the contract.   Conceding, however, that this may be done, the president of the defendant testified that, prior to the execution of the contract, the plaintiff represented that it would not take more than one hundred tons of coal to properly heat the building during an ordinary winter.   The plaintiff admitted that he so represented, but that, when he did so, it was not contemplated to heat the whole building with the heater, and that he had reference only to the portion of the building then under consideration.   This

is not denied by the president of the defendant, and he and the plaintiff are the only witnesses who gave any evidence on this subject. As the burden was on the defendant, and as both witnesses appear to be equally worthy of credit, we cannot say that the preponderance of the evidence is with the defendant.

II. The plaintiff entered upon the performance of the contract and, while so engaged, the defendant claims to have been informed that more than one hundred tons of coal would be required annually to heat the building, whereupon the defendant, through and by its proper officers, claims to have informed the plaintiff that if more than the quantity of coal aforesaid would be required, he must "not do another stroke there unless he would give some guaranty about it;" whereupon the plaintiff executed and delivered to the defendant the following writing, which was added to or written on the contract:

"It is further understood that, with the boiler being run by a competent person, and with an ordinary winter, the soft coal in running the boiler will not exceed one hundred and twenty-five tons."

This is the guaranty relied on, and, conceding it to be such, the appellee insists that there was no consideration to support it, and therefore it cannot be enforced. We think this is so. The contract was in full force at the time the guaranty was executed. The plaintiff had entered upon its performance, and had the right to complete it in accordance with the specifications agreed upon. He voluntarily added thereto certain conditions and additional burdens, for which he received nothing. If at the time the guaranty was executed the plaintiff was in any respect in default, and it was executed for the purpose of relieving him therefrom, this would, we incline to think, have formed a sufficient consideration for the guaranty. If the defendant had wrongfully prevented the plaintiff from performing the contract, the latter could have recovered the damages sustained. But the purpose or intent of the defend-

ant to put an end to the contract should not, we think, ope-
rate as a consideration for the guaranty. If it were other-
wise, then one might reap a substantial advantage because of
his own wrongful act.

There was a sufficient consideration for the contract in
*Adams v. Morton*, 37 Iowa, 255, because the non-attaching
creditors could have resorted to proceedings in bankruptcy,
to prevent which the contract was entered into. A legal, en-
forceable right was surrendered; but such is not so in the case
before us.

AFFIRMED.