[L. A. No. 646.   Department One.—July 21, 1900.]

MAIN STREET AND AGRICULTURAL PARK RAILROAD COMPANY, Respondent, v. LOS ANGELES TRACTION COMPANY, Appellant.

CONTRACT—SUPPLEMENTAL AGREEMENT—CONSIDERATION.—A supplemental agreement, either adding to or varying the terms of the original contract, so as to impose new and onerous burdens upon one of the parties, requires a consideration to support it; and if there is no consideration in some favorable modification or release of previous obligations, and no new consideration appears, the supplemental agreement cannot be sustained.

ID.—"EXPLANATORY" AGREEMENT—ORIGINAL CONSIDERATION.—The fact that the supplemental agreement is also described as "explanatory" of the first agreement executed at a previous date is not conclusive that it was part of the original agreement, though not included in the writing, so as to be supported by the original consideration.

ID.—PLEADING — WANT OF CONSIDERATION — DEMURRER. — An answer pleading a want of consideration for a supplemental agreement which imposes a new and onerous burden on the defendant, and

does not disclose any consideration therefor on its face, presents a sufficient defense to an action based thereon, and a demurrer thereto is improperly sustained.

Id.—Repudiation of Contract.—It is not in the power of one of the parties to a contract to discharge it by repudiating it. Upon such repudiation, the other party may regard it as discharged, but not the party in fault.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion.

E. H. Lamme, and E. E. Millikin, for Appellant.

A supplemental contract imposing onerous burdens upon one party must be supported by a consideration. (*McCarty v. Hampton Bldg. Assn.*, 61 Iowa, 287; *Ayres v. Chicago etc. R. R. Co.*, 52 Iowa, 478; *Feterman v. Parker*, 10 Ired. 474; *Sweringen v. Hartford Ins. Co.*, 52 S. C. 309; *Geer v. Archer*, 2 Barb. 420; *Smith v. Ware*, 13 Johns. 257; *Vanderbilt v. Schreyer*, 91 N. Y. 392; *Reynolds v. Nugent*, 25 Ind. 328; *Coleman v. Applegarth*, 68 Md. 21[1]; *Heim v. Butin*, 109 Cal. 500[2]; *Comstock v. Breed*, 12 Cal. 286; *Brooks v. Johnson*, 122 Cal. 569.) A party to an executory contract may stop performance by an explicit direction, and thereby subject himself only to damages for its breach. (*Danforth v. Walker*, 37 Vt. 244; *Gibbons v. Bente*, 51 Minn. 499; *Collins v. Delaporte*, 115 Mass. 159; *Nebraska City v. Nebraska etc. Coke Co.*, 9 Neb. 339; *Clark v. Marsiglia*, 1 Denio, 317[3]; *Davis v. Bronson*, 2 N. Dak. 300[4]; *Gabriel v. Akinsville etc. Brick Co.*, 57 Mo. App. 520; *Collyer v. Moulton*, 9 R. I. 90[5]; *Heaver v. Lanahan*, 74 Md. 493.)

Bicknell, Gibson & Trask, for Respondent.

The agreement was supplemental to and explanatory of the original agreement, which was merely modified before performance, and is supported by the original consideration. (*Latti-*

[1] 6 Am. St. Rep. 417.　　　[4] 33 Am. St. Rep. 783.
[2] 50 Am. St. Rep. 54.　　　[5] 98 Am. Dec. 370.
[3] 43 Am. Dec. 670.

*more v. Harsen*, 14 Johns. 330; *Munroe v. Perkins*, 9 Pick. 298[6];
*Cummings v. Arnold*, 3 Met. 489[7]; *Holmes v. Doane*, 9 Cush.
138; *Blood v. Enos*, 12 Vt. 625[8]; *Low v. Forbes*, 18 Ill. 569;
*Goss v. Nugent*, 5 Barn. & Adol. 65; *Stead v. Dawber*, 10 Ad.
& E. 57.)   While a written agreement remains executory, its
terms may be altered in any way to suit the parties.   (Civ.
Code, sec. 1698; *Hochstein v. Berghauser*, 123 Cal. 682, 686.)

SMITH, C.—The action was brought to recover money al-
leged to be due by written contract.   The judgment was for
the plaintiff.   The points relied on for reversal are insufficiency
of the complaint and of the findings, and error in sustaining
demurrers to two affirmative defenses set up in the answer.   In
the view we take of the case it will be unnecessary to consider
any but the last of these grounds.

At the dates hereinafter mentioned the plaintiff was the
owner of a street railroad in the city of Los Angeles along Main
street; and the defendant was the owner of a franchise for a
railroad along Third street, and was about to enter upon the
construction of the same; and on the first day of March, 1895,
they entered into a written contract with reference to the cross-
ing of plaintiff's road by that of defendant.   Third street, it
will be understood, does not cross Main directly, but after enter-
ing it from the east follows it northward to a point where it
leaves it for the west.

By this contract plaintiff granted to the defendant the right
to construct, maintain, and operate, jointly with it, the portion
of its railway between the points of most convenient connec-
tion of the two railroads at the entrance of Third street into
and its departure from Main street, together with the "right
to make such connections and crossings" as might be necessary;
and the defendant agreed to construct over the portion of Main
street described "a good and sufficient railroad track for an
electric road in place and stead of the tracks (then) located on
Main street, and also to erect all necessary electric apparatus
along said Main street between the points named"; and to make
the necessary connections.

[6] 20 Am. Dec. 475.
[7] 37 Am. Dec. 155.
[8] 36 Am. Dec. 303.

Afterward—July 13, 1895—another contract was executed by the parties—entitled an "agreement supplemental and explanatory" of the former; wherein the defendant agreed, "in the event of (the plaintiff) electing to spread its tracks to a greater ·distance than . . . . eight and one-half feet from center to center of tracks, to pay all costs and expenses incident to the making of the necessary change in the said crossing to conform to the change made in the distance between the said tracks."

The execution of these contracts is alleged in the complaint, and copies are attached. The complaint then proceeds to allege that after the execution of the latter contract plaintiff determined to reconstruct its railroad along Main street, including the part of the street described in the agreement, and in doing so widened or spread its tracks from eight and one-half feet from center to cent·r of tracks to eleven feet; and that the costs and expenses incident to making the necessary changes in said crossing, and which were thereon necessarily expended, was the sum of twelve hundred and sixty dollars and two cents; and prays judgment for that sum.

The affirmative defenses set up in the answer—to which demurrers were sustained—are: 1. That there was no consideration for the supplemental agreement; and 2. That, before the work referred to in the complaint was commenced, defendant repudiated the supplemental contract and notified plaintiff to that effect.

1. In the former defense the facts alleged are, in effect, that the defendant, being the owner of a franchise from the city for the construction and operation of its road, made with the plaintiff the contract of March 1, 1895, and, in accordance therewith, was on or about July 13, 1895, proceeding to construct its railway along the portion of Main street described in the contract, when plaintiff demanded of it the execution of the supplemental agreement of that date, which the defendant accordingly executed; that there was no consideration for said agreement; and that before the commencement of the work alleged in the complaint—which was done in the year 1897— plaintiff was notified that defendant objected to the proposed change, and would not pay therefor. It is claimed by defend-

ant that the demurrer to this defense was improperly sustained; which is the point to be considered.

There can be no doubt of the principle contended for by the appellant that an agreement adding to the terms of an existing agreement between the same parties, and by which new and onerous terms are imposed upon one of the parties without any compensating advantage, requires a consideration to support it; though this, of course, may consist either in a new consideration or in some favorable modification of the original contract. (*McCarty v. Hampton Bldg. Assn.*, 61 Iowa, 287; *Ayres v. Chicago etc. R.R. Co.*, 52 Iowa, 478; *Feterman v. Parker*, 10 Ired. 474; *Swearingen v. Hartford Ins. Co.*, 52 S. C. 309; *Smith v. Ware*, 13 Johns. 257; *Vanderbilt v. Schreyer*, 91 N. Y. 392; *Reynolds v. Nugent*, 25 Ind. 328.)   An executory contract may, indeed, be altered or modified by the parties.   (Civ. Code, sec. 1698.) "But . . . . the variation of a contract is as much a matter of contract as the original agreement" (*Feterman v. Parker, supra*); and a contract for such variation, equally with other contracts, requires a consideration.   (Anson on Contracts, 88 (68).) There is an exception to this rule provided in the Code of Civil Procedure, section 1697, for the case of parol contracts; but this has no application to written contracts.

In this case, properly speaking, the supplemental agreement is not a modification or alteration of the original contract—which remains unaltered and unimpaired, but rather an addition to it of a new and onerous obligation, for which there is no compensation either in the release of previous obligations or in a new consideration.   It would seem, therefore, directly within the principle announced.

It is claimed, however, by the respondent's counsel that the supplemental agreement is declared by its terms to be merely "explanatory" of the first; from which it is inferred that it was in fact a part of the original agreement, though not included in the writing; and, undoubtedly, could this be conclusively inferred from the language used, the original consideration would be sufficient to support it.   But the use of the word "explanatory" cannot be regarded as conclusive on this point; nor was the defendant precluded by this recital from showing that the

agreement was not part of the original contract, and consequently that there was in fact no consideration. (Civ. Code, secs. 1614, 1615; 1 Greenleaf on Evidence, 16th ed., secs. 284, 304.) Whether there was or was not a consideration for the new agreement was the precise issue raised by the plea, and the demurrer should therefore have been overruled.

2. With regard to the second affirmative defense the demurrer was rightly sustained. It is not in the power of one of the parties to a contract to discharge it by repudiating it. Upon such repudiation, the other party may regard it as discharged; but not the party in fault. (Anson on Contracts, 363 (276) et seq.) The cases cited, though some of them unguardedly expressed, relate only to the measure of damages. (*Heaver v. Lanahan*, 74 Md. 493, and cases cited.)

We advise, therefore, that the judgment be reversed and cause remanded for further proceedings in accordance with this opinion.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and cause remanded for further proceedings in accordance with this opinion.

Harrison, J., Garoutte, J., McFarland, J.