[L. A. No. 3123.   Department Two.—May 29, 1913.]

## GEORGE F. ZIMMER, Appellant, v. MARY WOODMAN KILBORN, Respondent.

ACTION FOR SERVICES—VERDICT FOR PLAINTIFF FOR LESS THAN AMOUNT SUED FOR—MOTION FOR JUDGMENT FOR FULL AMOUNT—TRIAL ON THEORY OF SUFFICIENCY OF ANSWER—APPEAL.—In an action to recover the value of professional services, in which a verdict for the plaintiff was rendered for an amount less than that sued for, and in which a trial was had of the issues on the theory that the answer contained a sufficient denial of all the allegations of the complaint, the plaintiff, on an appeal by him from an order made after judgment, refusing to set aside the judgment and to enter a new judgment, based upon the verdict, for the full amount sued for, cannot raise for the first time the matter of the failure of the answer definitely to deny the averments of the complaint as to the value of the services.

ID.—PRESUMPTION OF TRIAL ON MERITS—MINUTES OF COURT.—On such appeal, and in the absence of any showing to the contrary in the record, it must be assumed that the minutes of the court showed a trial on the merits, and that the answer was treated as a denial of all the allegations of the complaint.

ID.—SERVICES RENDERED UNDER CONTINGENT CONTRACT.—The trial court was justified in denying such motion in view of the defense that the services sued for were performed under an agreement for payment of fees contingent upon success, where the record reveals nothing which would not comport with the theory that the jury may have concluded that the contract was a contingent one, that one of the matters undertaken had been completed, and that the amount awarded by the jury was for that work.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside a judgment and to enter a new judgment, based upon the verdict, for the full amount sued for in the complaint.   Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Murphey & Poplin, and Waldo M. York, for Appellant.

James G. Maguire, and D. Joseph Coyne, for Respondent.

MELVIN, J.—This is an appeal by plaintiff from an order denying his motion, made after judgment in his favor for the sum of five hundred dollars, to set aside said judgment and to enter a judgment, based upon the verdict of the jury, for the amount set out in the complaint as being due, together with interest thereon.

The complaint alleged in three counts that J. L. Murphey and the partnerships of Murphey & Schmidt and Murphey & Poplin (all assignors of plaintiff) performed certain services as attorneys at law for the defendant; that defendant agreed to pay for such services the amounts named, aggregating with interest more than three thousand dollars. In her answer to each of the counts, after denying upon information and belief the existence of the partnership mentioned in the count she denied that the services were "reasonably or at all" of the value claimed or "that she agreed to pay said sum for said alleged services." Further answering she admitted that she did enter into a contract with J. L. Murphey whereby he was to perform certain services as her attorney, his compensation to be contingent upon success in the matters undertaken and that such matters were still pending and undetermined. She specifically denied that she had ever employed either of the partnerships mentioned in the complaint.

The verdict of the jury found for the plaintiff in the sum of five hundred dollars. Appellant's position is that said verdict is in his favor on all the issues made by the pleadings, and that the answer by its form did not put in issue the value of the services performed. He asserts that by denying that the exact sum stated in each count of the complaint was the reasonable value of the services mentioned and that she had agreed to pay that amount, she thereby made "admissions of the value of the services to be any sum less than the alleged amounts, and admission of agreement to pay therefor the sum alleged less the smallest fraction of a dollar on each cause of action; and therefore, there was no issue thereon for the jury to try." Even if we were to conclude that the answer did not sufficiently traverse the allegations of the complaint we could not disturb the court's action in denying plaintiff's motion. There was no demurrer to the answer and the case went to trial. We must assume in favor of the

court's ruling that the value of the services rendered was fully tried. The record merely recites that the cause came on for trial before court and jury and that the verdict, the substance of which we have set forth, was rendered. The minutes of the court are not reproduced in the record although the notice a copy of which is given, specified that the motion was to be based in part upon said minutes. If the minutes showed such trial of the issues and that the answer was treated as a denial of all of the allegations in the complaint (and in the absence of any showing to the contrary we must so assume) appellant may not raise for the first time on appeal the matter of the failure of the answer definitely to deny the averments of the complaint. (*San Luis Water Co.* v. *Estrada,* 117 Cal. 172, [48 Pac. 1075] ; *Rawlins* v. *Ferguson,* 133 Cal. 470, [65 Pac. 957] ; *Milwaukee Mechanics' Insurance Co.* v. *Warren,* 150 Cal. 353, [89 Pac. 93].)

Another reason why the order should be affirmed is that by granting it the court would have ignored the defense that the business was undertaken on an agreement for payments of fees contingent upon success. The record reveals nothing which would not comport with the theory that the jury may have concluded that the contract was a contingent one; that one of the matters undertaken by plaintiff's assignors had been completed; and that he was entitled to judgment for five hundred dollars for that work.

The order is affirmed.

Henshaw, J., and Lorigan, J., concurred.