[Civ. No. 3713. First Appellate District, Division Two.—May 3, 1921.]

## JOHN J. BONIFACIO, Respondent, v. Z. B. STUART, Appellant.

[1] PLEADING—ACTION TO SET ASIDE DEED—RECOVERY OF RENTALS—JOINDER OF CAUSES OF ACTION—EQUITY.—A complaint containing a cause of action to set aside a conveyance of real property and to recover collected rentals is not subject to demurrer for misjoinder of causes of action, since the action is in equity and when equity takes jurisdiction it does so for all purposes.

[2] ATTORNEY AND CLIENT—SETTING ASIDE OF CONVEYANCE—FAIRNESS OF TRANSACTION—BURDEN OF PROOF.—In an action by a client to set aside a conveyance of real property to her attorney on the ground of unfair advantage taken, the attorney has the burden of showing that the transfer is fair and adequate and that the client was fully advised as to her rights and as to her liabilities at the time of the transfer.

[3] ID.—CONVEYANCE IN PAYMENT FOR SERVICES—ACTION TO SET ASIDE—EVIDENCE—VALUE OF SERVICES—OPINION TESTIMONY.—In an action by a client to set aside a conveyance of real property to

———

2. Burden of proof as to good faith of transaction in case of assignment or conveyance by client to attorney, notes, 18 Ann. Cas. 123; Ann. Cas. 1918E, 1159.

her attorney in payment for services, no burden rests on the plaintiff to produce opinion testimony on the value of the services nor is the trial judge bound to ask for such testimony.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker, C. W. Byrer and Z. B. Stuart for Appellant.

C. F. Lacey and R. C. McComish for Respondent.

STURTEVANT, J.—The defendant, in the trial court, has appealed from an adverse judgment as to his title to a fractional interest in certain lands in Monterey County. The defendant acted as attorney for the plaintiff in the case of *Espinosa* v. *Bonifacio et al.*, No. 6436, records superior court, state of California, in and for the county of Monterey, that being the same litigation referred to in *Espinosa* v. *Stuart, ante,* p. 477, [199 Pac. 66], and which is hereby referred to for additional facts. In his complaint the plaintiff alleged that he was the owner of an undivided one thirty-second interest in certain lands, describing them; that the defendant claimed some interest which was without right; that the defendant acted as attorney for this plaintiff for a long period in a suit entitled *Espinosa* v. *Bonifacio et al.*, and in other matters; that during all that time plaintiff had full confidence in defendant; that during said time said attorney asked said client to sign two papers, saying they were papers to clear the title to the lands in dispute in *Espinosa* v. *Bonifacio et al.;* that, in truth, one of said papers was a deed by which plaintiff conveyed to defendant three-tenths of his one thirty-second interest; that the other paper was an assignment of three-tenths of plaintiff's rentals, aggregating $500 per annum; that the aforesaid statement of said attorney to said client was false; that plaintiff believed and acted on it; that plaintiff did not receive any consideration for said interests; that the defendant had collected $200 of the rentals so assigned; and that the plaintiff had no plain, speedy, and adequate remedy at law.

[1] The defendant demurred to the complaint on the ground that several causes of action had been improperly united and not separately stated, viz., a cause of action to set aside a certain conveyance, and an action to recover the sum of $200 money had and received by the defendant. The demurrer was overruled. The ruling was not erroneous. The plaintiff alleged a cause in equity. When equity takes jurisdiction it does so for all purposes. (*Murphy* v. *Crowley,* 140 Cal. 141, [73 Pac. 820].) The defendant argues the point as though the plaintiff had combined an ordinary action to quiet title and an action for money had and received. An examination of the allegations quoted above will show that plaintiff's basic action was something more than an action to quiet title.

[2] The complaint pleaded more fully than necessary a cause of action for an advantage taken by an attorney of his client. The plaintiff showed by the evidence that the relation of attorney and client arose through a written contract, executed September 12, 1916; that said writing called for a fee measured at two-tenths of the plaintiff's share; and that, on March 30, 1917, the defendant took from the plaintiff transfers measured at three-tenths. The burden of proof shifted to the defendant to show that such excessive transfers were fair and adequate and that the plaintiff was fully advised both as to his rights and as to his liabilities at the time he executed said papers. (*Metropolis etc. Sav. Bank* v. *Monnier,* 169 Cal. 592, 598, [147 Pac. 265].) The defendant did not so take up the burden of proof, but now complains because the plaintiff did. In this behalf he complains that the trial court erred in making a finding "that said 1/32 interest was and is of the value of $25,000.00," whereas the pleadings did not expressly allege any value thereof. If it was a finding without the issues, it was nugatory and cannot hurt the defendant. Again, he contends that there was no evidence of the value of his services or of the services of his associate. The trial court awarded the defendant $150, apparently to pay defendant's associates whom he had employed. [3] No burden rested on the plaintiff to produce opinion testimony on the value of an attorney's services nor was the trial judge bound to ask for such testimony. (*Zimmer* v. *Kilborn,* 165 Cal. 521, 522, [132 Pac. 1025].) The defendant,

in effect, contends that the findings are not supported by the evidence. In this behalf the defendant says, "Can a written instrument be contradicted by a man, who simply says that he did not know what he was signing—that he did not read it?" The answer is, "Most certainly when a fiduciary relation has been shown to exist." (*Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 576, [42 L. R. A. (N. S.) 125, 126 Pac. 351].) As to the sufficiency of the evidence, it is enough to state that the plaintiff took the stand as a witness in his own behalf and that, by the documents he produced, or by his oath, he substantiated all the allegations contained in his complaint as hereinabove set forth.

In point 4 of his brief the defendant argues that the plaintiff took independent advice and he quotes witnesses to that effect. The plaintiff testified that he did not do so. The conflict was for the trial court.

In point 7 the defendant asserts that the plaintiff did not prove any overt acts of or constituting undue influence. In making this attack the defendant is clearly confusing a case of actual undue influence with a case for violation of the duties arising out of a fiduciary relation. *Goodwin* v. *Goodwin,* 59 Cal. 560, and *Wood* v. *Carpenter,* 101 U. S. 135, [25 L. Ed. 807, see, also, Rose's U. S. Notes], are cases of the first class; *Simpson* v. *Dalziel,* 135 Cal. 599, [67 Pac. 1080], was of the latter class, but it involved the duty of a client after the relations between himself and his attorney had been terminated.

The last attack which appellant makes is based on the fact that in the conclusions of law the court uses the fraction seven-tenths instead of eight-tenths. The findings of fact uses eight-tenths and the judgment uses eight-tenths. The error, if any, was corrected by the decree. (*Spencer* v. *Duncan,* 107 Cal. 423, [40 Pac. 549].)

The written contract between the parties, dated September 12, 1916, contained a clause which would have warranted a claim by the attorney for reimbursement for cash expended; but he introduced no accounts or vouchers showing that he had any claim under that clause. Again, he claimed a subsequent alteration had been made in the contract of employment, but he did not show a new consideration which would support such a claim (*Main St. etc. Co.*

v. *Los Angeles Traction Co.*, 129 Cal. 301, 305, [61 Pac. 937]), nor did he show, nor did the court find, that there was a subsequent written agreement nor an executed oral agreement. (Civ. Code, sec. 1698.)

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1921.

All the Justices concurred.