[Civ. No. 3712. First Appellate District, Division Two.—May 3, 1921.]

## GUDELIA E. BOUTON, Respondent, v. Z. B. STUART, Appellant.

[1] ATTORNEY AND CLIENT—ACTION TO SET ASIDE TRANSFERS—RECOVERY OF RENTALS—PLEADING—JOINDER OF CAUSES OF ACTION AND PARTIES.—A complaint in an action by a client against her attorney setting forth allegations showing that certain transfers of interests in real property were obtained while acting as her attorney in certain litigation, that some of the property so transferred had been transferred by the attorney to the other defendants, and that the attorney had collected under the transfers certain rentals claimed by the plaintiff to be her property, is not subject to demurrer on the ground that a cause of action to set aside a deed and a cause of action to recover moneys had and received had been improperly united and not separately stated, nor is it subject to demurrer for misjoinder of parties defendant because the action to recover the rentals was addressed to the attorney alone.

[2] ID.—EVIDENCE—VALUE OF PROPERTY.—In such action there was no error in receiving testimony as to the value of the transferred property.

[3] ID.—FAIRNESS OF TRANSACTION—FAILURE OF PROOF—EFFECT OF.—In such action the attorney may not complain because the plaintiff did not rest her case on the presumption in her favor as expressed in section 2283 of the Civil Code, where he failed to meet the burden of showing that the transfers were fair and the consideration adequate.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker, C. W. Byrer and Z. B. Stuart for Appellant.

C. F. Lacey and R. C. McComish for Respondent.

STURTEVANT, J.—The defendant in the trial court has appealed from an adverse judgment as to his title to a fractional interest in certain lands in Monterey County. The case is closely allied in its facts to the cases entitled *Bonifacio* v. *Stuart, post,* p. 487, [199 Pac. 69], and *Espinosa* v. *Stuart, ante,* p. 477, [199 Pac. 66], therefore we state only those facts necessary to a determination of this case.

[1]  In her amended complaint the plaintiff sets forth allegations showing that certain transfers were obtained by the defendant Stuart while acting as her attorney in certain litigation; that some of the property so transferred had been by the defendant Stuart transferred to the other defendants Frank Shurtz and David Wallace, and that the defendant Stuart had collected under said transfers certain rentals amounting to $550 claimed by the plaintiff to be her property. The defendants interposed a demurrer alleging that the plaintiff had improperly united and had not separately stated two causes of action, a cause of action to set aside a deed and a cause of action to recover $500 (*sic* $500) moneys had and received. The demurrer also alleged that there was a misjoinder of parties defendant because the action to set aside the deed was addressed to all of the defendants and the cause of action for money had and received was addressed to the defendant Stuart only. The trial court overruled the demurrer. There was no error in the ruling.

[2]  The plaintiff showed by the evidence that the relation of attorney and client arose through a written contract executed September 12, 1916; that said writing called for a fee measured at two-tenths of the plaintiff's share, and that on March 30, 1917, the defendant took from the plaintiff transfers measured at three-tenths. The plaintiff also introduced testimony tending to prove each of her allegations; thereupon the defendant introduced some tes-

timony to the effect that the plaintiff had been advised as to the contents of the papers which she signed; thereupon, and in rebuttal, the plaintiff called the county assessor and, over the objection and exception of the defendant, the assessor testified that the whole tract, of which the property in dispute was a part, had a value of $800,000. There was no error in receiving the testimony. [3] The burden of showing that the transfers were fair and that the consideration was adequate rested on the defendant. True, he had not introduced any evidence showing that the consideration was adequate, but if he had wanted to cover the omission in his proof he could have made the request. By failing to meet the burden of proof he may not complain because the plaintiff did not rest her case on the presumption in her favor as expressed in the statute. (Civ. Code, sec. 2235.)

Points 3, 4, 5, and 6 attack certain findings as not being supported by the evidence and the complete answer is that the plaintiff introduced evidence tending to support each and all of her allegations. The defendant introduced some evidence to the contrary. The conflict was for the determination of the trial court. The plaintiff testified that three papers were together in the form of a book; that the lease from Mrs. Espinosa and all of her children to the Spreckels Sugar Company was read to her; however, that paper is not here involved. She also testified that the other two papers were not read to her; that all of the papers were in English and that she could not read English. While on the stand as a witness the defendant testified that all of the papers were attached together. Two other witnesses who were present at the execution of the papers testified that they saw two separate papers—a lease and something else. But, as stated by both the plaintiff and the defendant, there were no two separate papers, but all three were attached together. The only question for the trial court to determine was as to whether the plaintiff was advised as to the assignment measured at three-tenths of her interest instead of being measured at two-tenths according to the terms of her written contract. The defendant says she was so advised. The plaintiff says she was not. The conflict in this testimony has been decided by the trial court in favor of the plaintiff.

It does not appear from the record that the defendant Z. B. Stuart had transferred to the defendant Frank Shurtz or to the defendant David Wallace any specific parcels of the lands involved in this case. It is immaterial, therefore, that those two persons were originally named as defendants and that the action was later dismissed as to them.

We find no error in the record and the judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1921.

All the Justices concurred.