THE SECOND REFORMED PROTESTANT (DUTCH) CHURCH, IN THE TOWN OF FLATBUSH, Plaintiff, *v.* THE TRUSTEES OF THE REFORMED PROTESTANT DUTCH CHURCH OF THE TOWN OF FLATBUSH IN KINGS COUNTY, Defendant.

Supreme Court, Kings County, May 28, 1926.

Religious corporations — defendant religious corporation executed deed of premises to similar corporation — parties upon closing title, executed agreement by which plaintiff agreed to convey premises to defendant in event plaintiff ceased to use premises for religious purposes — agreement does not require reverting of premises back to defendant in event of non-user — agreement neither invalid under Religious Corporations Law, § 12, nor ultra vires of corporation — contract supported by consideration.

An agreement in writing entered into between two religious corporations by which the parties, simultaneously with the execution and delivery of a deed by which the defendant conveyed certain premises to plaintiff, agreed that the premises should be used only for religious purposes of the Reformed Dutch Church denomination, and in case the plaintiff should cease to exist as a religious corporation or cease to use said premises for religious purposes of the Reformed Dutch Church denomination, then in that event the plaintiff upon the payment of $20,000 by defendant " will grant, bargain, sell and convey to the parties of the second part [the defendant] in fee simple, the said premises   *   *   *."

cannot be construed as evidencing an intention on the part of either party that the agreement conveyed back to defendant the fee to the premises upon non-user; the legal effect of the agreement is not altered by the recital therein that upon the happening of a certain event the grantee will sell and convey to the grantor the fee to the premises. Nor is the agreement in conflict with the provisions of section 12 of the Religious Corporations Law.

The contract is not *ultra vires* of the corporation, since it was within the power of each to do any act to advance the purposes for which it was incorporated. The contract enabled the plaintiff to carry on religious work in accordance with the purposes for which it was formed, and if the contract be set aside, the plaintiff would be permitted to lease, sell or use the property for purposes not contemplated by its charter.

The execution of the contract simultaneously with the deed evidences the fact that it merely reduced to writing a previous understanding between the parties for the sale of the premises; consequently, there was ample consideration to support it.

ACTION for the cancellation of an agreement providing for the disposition of the proceeds, in the event of a sale by the plaintiff, a religious corporation, of real property which had been conveyed to it by the defendant, a religious corporation.

*Coombs & Wilson* [*Robert F. Wilson* of counsel], for the plaintiff.

*Henry D. Lott* [*Abel E. Blackmar* of counsel], for the defendant.

CALLAGHAN, J.   The parties to the action are religious corporations.   On the 29th day of April, 1921, they entered into an agreement in writing by which defendant agreed to sell to the plaintiff the premises, the subject-matter herein.   The sale of the premises was duly authorized by the court.   The contract of sale provided that at the time of the delivery of the deed under that contract the purchaser (the plaintiff) would enter into an agreement with the seller (the defendant) concerning the disposition to be made of the proceeds of sale arising from the whole or any part of the premises in the event of a sale by the purchaser.   Simultaneously with the execution and delivery of the deed on June 1, 1921, the parties made an agreement in writing which embodied the provision in the contract of sale for the disposition of the proceeds in the event of a sale by the purchaser, and further provided that the premises should be used only for religious purposes of the Reformed Dutch Church denomination and " in case the party of the first part [the plaintiff] shall hereafter cease to exist as a religious corporation or shall cease to use said premises, * * * for religious purposes of the Reformed Dutch Church denomination, then, in that event the party of the first part [the plaintiff], upon the payment of the sum of Twenty thousand dollars by the party of the second part [the defendant] will grant, bargain, sell and convey to the parties of the second part [the defendant] in fee

simple the said premises * * *." The plaintiff entered into an agreement with an individual to lease a part of the premises for a long term of years for business purposes but upon learning of the agreement of June 1, 1921, the individual refused to make the lease. This action was then brought to have the said agreement canceled and declared void. The plaintiff urges as a ground for setting aside said agreement (1) that it was not authorized by the Supreme Court pursuant to section 12 of the Religious Corporations Law (as amd. by Laws of 1918, chap. 458, and Laws of 1921, chap. 266. Since amd. by Laws of 1925, chap. 458); (2) that it is *ultra vires* of the corporation, and (3) that it is without a consideration to support it.

It is necessary to determine the legal effect of the agreement in question. The plaintiff's counsel insists that it was a conveyance of a reversionary interest in the property, or, in other words, that the agreement conveyed back to the defendant the fee to the premises upon the happening of a certain event, viz., the non-user of the premises by the Reformed Dutch Church denomination. This contention is unsound, as a reversion does not arise by conveyance but by operation of law (2 Black Com. 475), because it is something left or remaining in the grantor after the deed has been delivered by him in the way of a *presently vested estate* with only possession postponed until the happening of the event contemplated by the parties, in this case when the premises cease to be used by the Dutch Reformed Church denomination. (2 Washb. Real Prop. [6th ed.] §§ 1508, 1509; 21 C. J. 1018, § 181.) The legal effect of the agreement is not changed by the recitals therein that upon the happening of a certain event the grantee will sell and convey to the grantor the fee to the premises. The object to be accomplished, viz., the reversion of the property to the grantor is effected by operation of law. The agreement to reconvey is mere surplusage and amounts to nothing, and cannot determine the legal effect of the contract. In *Upington* v. *Corrigan* (151 N. Y. 143) a similar question was presented. There was a condition imposed in the deed by the grantor that the premises be consecrated for the purpose of erecting a church building. That condition was not complied with, and an action in ejectment was brought by the heirs of the grantor, who were successful. The devolution back to the grantor upon the breach of the condition was regarded as the " common law * * * possibility of reverter and not a reversion " (p. 148), and it was held not to be an estate in the grantor who had only the right at her election to re-enter for the condition broken (p. 149). It can hardly be contended that the statute (Religious Corp. Law, § 12) contemplates that the court

should give its approval to a possibility of reverter which might never happen. The purpose of the statute would be fully served, however, if the approval was asked upon the happening of a breach of the condition.

It is difficult to understand by what process of reasoning one can reach the conclusion that the contract is *ultra vires* of the corporation. The parties are religious corporations. It was within the power of each to do any act to advance the purposes for which it was incorporated. The contract enabled the plaintiff to carry on a religious work in accordance with the purposes for which it was formed. If the contract be set aside the plaintiff would be permitted to lease, sell or use the property for purposes not contemplated by its charter.

Was the contract without consideration to support it? It was executed simultaneously with the deed and contains a recital similar to the provisions in the contract of sale with reference to the disposition of the proceeds in case of a sale by the grantee (the plaintiff). It is apparent that the defendant, the grantor, intended that the property should at all times be used only by the Reformed Dutch Church denomination. The consideration for the sale, while for a substantial amount, was for a price much less than the market value of the property for commercial purposes. It is fair to assume, therefore, that the agreement was a partial consideration for the sale of the property. Besides, the making of the contract simultaneously with the deed .evidences the fact that it merely reduced to writing a previous understanding between the parties for the sale of the premises. It would not, under such circumstances, be without consideration to support it. (13 C. J. 592; *Main St. & A. P. R. R. Co.* v. *Los Angeles Traction Co.*, 129 Cal. 301; *Westcott* v. *Mitchell*, 95 Maine, 377.) It is not suggested, neither is it in accordance with the common practice in such matters, that the parties or either of them, at the time the deed was delivered, contemplated the leasing of the premises for commercial purposes. The change in the real estate situation has made the property valuable and the plaintiff for reasons which are quite natural desires to increase its revenue, otherwise no complaint would have been made about the contract. It follows that the defendant is entitled to judgment but without costs. Settle judgment and findings on two days' notice.