[Civ. No. 5869. Second Appellate District, Division One.—December 7, 1927.]

FRANK BRYSON, Administrator, etc., Respondent, v. C. W. BYRER, as Administrator, etc., et al., Defendants; BELLE LIVINGSTON et al., Appellants.

Page, Nolan, Rohe & Freston, Hurt & Howard, Howard F. Shepherd, Louis P. Pink and J. A. McLaughlin for Appellants.

John J. McMahon for Respondent.

HOUSER, J.—From the findings made by the trial court it appears that the basic facts upon which the judgment herein is predicated and from which judgment the appeal is taken are that one Isaac W. England and Anna England were husband and wife; that from their community funds they acquired certain real property which, at the request and direction of the husband, was deeded to the wife, and that several years thereafter the wife deeded the property to the husband. The findings recite the further fact that the deed made by the wife to the husband "was delivered to said Isaac W. England without any consideration whatsoever, and solely by reason of undue influence exercised by said Isaac W. England over the said Anna England; . . . by which said deed and transaction said husband obtained an advantage over his wife and was thereby enriched to the extent of the value of said real property."

Judgment was rendered in favor of plaintiff.

One of the points made by appellants for reversal of the judgment is that on the trial of the action no evidence was offered by the plaintiff which proved or tended to prove any of the allegations of the complaint with reference to the execution of the deed in question. An examination of the pleading on the part of plaintiff discloses ·the fact that the allegations to which attention is thus directed in substance were that said deed was executed contemporaneously with another deed covering the identical property mentioned in the first deed, made by the husband to the

wife; that each of said deeds was then placed in a safe deposit box, to which each of the parties at all times had access, with the intent and purpose on the part of the wife that each of said deeds was to be delivered and become effective only in the event of and upon the death of the grantor thereof; but that notwithstanding such situation of the parties with reference to such deeds, and in violation of the understanding thereof on the part of the wife, the husband caused the deed to him by the wife to be placed of record.

No specific finding with reference to such allegations was made by the trial court, but with regard thereto the trial court in substance did find that the husband never executed the deed to which such allegations referred. In such circumstances the criticism of appellants in that connection becomes of no importance.

The judgment of the court is based primarily upon the facts as hereinbefore and in the findings set forth, that the deed of separate property of the wife made by her to the husband was without consideration and that the husband "obtained an advantage over his wife and was thereby enriched to the extent of the value of said property"; and the principal attack of appellants is directed to the conclusion of law and judgment by the court arising from such finding that the deed in question should be "set aside and canceled and declared invalid and of no force or effect whatsoever."

It is the contention of appellants that the mere fact that without consideration therefor a wife has deeded her separate property to the husband does not constitute a sufficient showing to justify a judgment for the cancellation of the deed on the ground that it was induced by undue influence of the husband. In reply, the respondent points to the provisions of sections 158 and 2235 of the Civil Code, which are as follows:

(Section 158.) "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts."

(Section 2235.) "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence."

On the trial of the action the plaintiff introduced the deed in question, which on its face showed that the consideration for its execution was the sum of one dollar. Plaintiff also showed that the value of the property covered by the deed was approximately $15,000. Defendants offered no evidence relating either to the consideration paid for the property, or as affecting the general issue of "undue influence" in the execution of the deed.

While some of the decisions of the supreme court of this state, notably *Dimond* v. *Sanderson*, 103 Cal. 97 [37 Pac. 189], *Tillaux* v. *Tillaux*, 115 Cal. 663 [47 Pac. 691], *McDougall* v. *McDougall*, 135 Cal. 316 [67 Pac. 778], *White* v. *Warren*, 120 Cal. 322 [49 Pac. 129, 52 Pac. 723], *Sheehan* v. *Sullivan*, 126 Cal. 189 [58 Pac. 543], and *Stiles* v. *Cain*, 134 Cal. 170 [66 Pac. 231], are strongly in favor of the contention of appellants to the effect that in the state of the evidence as presented by the plaintiff the burden was not cast upon the defendants to establish the fairness of the transaction between the parties;—by what this court considers the weight of authority, it is held that in circumstances such as were depicted by the evidence on the trial of the instant case, in order to overcome the statutory presumption of lack of sufficient consideration and undue influence arising from the transaction in question, it became and was the duty of defendants to show affirmatively that the husband acquired the property from the wife in the utmost good faith and in compliance with all equitable requirements. (*Estate of Cover*, 188 Cal. 133, 143 [204 Pac. 583], and cases cited; *Schurman* v. *Look*, 63 Cal. App. 347 [218 Pac. 624], and cases cited; *McKay* v. *McKay*, 184 Cal. 742, 746, 747 [195 Pac. 385], and cases cited; *Cox* v. *Schnerr*, 172 Cal. 371, 379 [156 Pac. 509]; *Metropolis Trust & Sav. Bank* v. *Monnier*, 169 Cal. 592 [147 Pac. 265]; *Bonifacio* v. *Stuart*, 52 Cal. App. 489 [199 Pac. 69]; *Espinosa* v. *Stuart*, 52 Cal. App. 477 [199 Pac. 66]; *Bouton* v. *Stuart*, 52 Cal. App. 484 [199 Pac. 71].)

■ Appellants also complain that in the course of the trial and after the taking of evidence had ceased, over defendants' objection, plaintiff was permitted to amend his complaint by an allegation to the effect that instead of the property in question having been the community property of husband and wife, as originally alleged, in fact it was the separate property of the wife. In that connection it should be noted that the complaint consisted of three counts, in the first and second of which the allegation was made in substance as in the language of the amendment which is here the subject of the criticism by appellants. Waiving any question of the discretion of the trial court to permit an amendment to conform to evidence, and without taking into consideration the rule allowing great liberality with reference thereto, it is apparent that in the circumstances the defendants were in nowise harmed by the action of the trial court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.