**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHRYN M. ROBINSON, individually and on behalf of all others similarly situated, | No. 16-56412 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01731-WQH-BGS Southern District of California, San Diego |
| v. | |
| ONSTAR, LLC, | ORDER |
| Defendant-Appellee. | |

Before: TASHIMA, WARDLAW, and NGUYEN, Circuit Judges.

The prior memorandum disposition filed on March 15, 2018, is hereby amended concurrent with the filing of the amended disposition today.

With these amendments, the panel has voted to deny the petition for panel rehearing. Judge Wardlaw and Judge Nguyen have voted to deny the petition for rehearing en banc, and Judge Tashima has so recommended.

The full court was advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHRYN M. ROBINSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ONSTAR, LLC, <br><br> Defendant-Appellee. | No. 16-56412 <br><br> D.C. No. 3:15-cv-01731-WQH-BGS <br><br> AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before: TASHIMA, WARDLAW, and NGUYEN, Circuit Judges.

Kathryn Robinson appeals the district court's dismissal of her complaint

pursuant to an arbitration clause that the district court concluded was enforceable.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Davidson v.*

*Kimberly-Clark Corp.*, 873 F.3d 1103, 1109 (9th Cir. 2017), we reverse and

remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The parties agree that Robinson and OnStar formed an agreement when she called OnStar to activate her one-year trial subscription. At that time, Robinson was unaware that OnStar intended to send her additional terms and conditions, including the arbitration provision. "[A] consumer [must] be on notice of the existence of a term before he or she can be legally held to have assented to it." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1289 (9th Cir.) (quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 124 (2d Cir. 2012)), *cert. denied*, 138 S. Ct. 203 (2017).

That the terms and conditions were "available" to Robinson in some sense is irrelevant when she had neither actual nor constructive notice of their existence at the time of her agreement with OnStar. Likewise, California Civil Code section 1589 obligated Robinson only "so far as the facts [were] known, or ought to [have been] known" to her.

Because the agreement when formed did not include the terms and conditions, OnStar's subsequent mailing of them to Robinson was an offer to modify the agreement. Robinson did not accept this offer by retaining the OnStar service to which she was entitled under the original agreement. *See Main St. & Agric. Park R.R. v. L.A. Traction Co.*, 61 P. 937, 938 (Cal. 1900) ("[A]n agreement adding to the terms of an existing agreement between the same parties, and by which new and onerous terms are imposed upon one of the parties without any

compensating advantage, requires a consideration to support it . . . ."); *see also* *Norcia*, 845 F.3d at 1285–86 (holding that inaction after receipt of offer for additional terms requiring arbitration was insufficient to bind offeree who was entitled to the benefits he retained regardless of whether he opted out of the additional terms).

**REVERSED and REMANDED.**