**ALPERIN, Admr, Etc v FELDMAN et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 13258 & 13259. Decided May 22, 1933

William H. Chapman, Cleveland, for plaintiff in error.

Philip Kasdon, for defendant in error.

**LEVINE, J.**

It will be seen that the issues raised by the pleadings were, in the first case, whether the defendants made the written contract as alleged in the petition, and as to the amount due thereon at the time the action was brought. In the second case, there was, in addition, the issue of whether defendants had made arrangements for and procured the admission of the plaintiff to the Orthodox Jewish Home as provided in the contract, so as to release them from the payments due during the period claimed for by the petition.

The trial court, at the close of plaintiff's evidence, granted a motion for defendants for a finding in their favor and judgment was entered thereon in favor of the defendants.

The bill of exceptions was prepared in narrative form, signed and approved by the trial judge. Error proceedings are prosecuted to the judgment rendered in favor of defendants in the Municipal Court.

A reference to the provisions of the contract entered into, between Levi Alperin (deceased) and Louis Feldman and Max Feldman, shows the following:

"Second parties hereby agree to pay to first party, during the term of his natural life, the sum of Sixty ($60.00) Dollars per month, to be paid in installments of thirty ($30.00) dollars each on the first and fifteenth day of each month thereafter."

"It is further understood and agreed that in the event that first party desires to and it becomes desirable that first party enter a home for aged people, that second parties will make proper arrangements for and procure admission to such institution for first party, and that the $30.00 installments aforementioned shall from such time cease."

The bill of exceptions discloses that defendant, Louis Feldman filed with the Orthodox Jewish Home an application signed by Levi Alperin for admission to the home; that the application was rejected. Later a further consideration of the application was had and the Board of Directors of the Home adopted the motion to admit Mr. Alperin on condition that Mr. Feldman would pay the sum of $500.00 to the institution, and which it is alleged he at one time offered to pay. At a later meeting, to-wit, on May 17, 1932, the Board of Directors of the Home was informed that Mr. Feldman refused to do anything toward the admittance of the plaintiff and another motion was adopted to admit him if Feldman would pay $300.00. Various other meetings were had and it became apparent to the Board of Directors of the Orthodox Jewish Home that Mr. Alperin was in need of a home and that he was getting no support whatsoever by way of payments from the Feldmans, the Board decided that Mr. Alperin would be admitted to the home providing he assigned his legal rights against the Feldmans to the institution. On June 16, 1932, the plaintiff was admitted to the home, at which time he signed and delivered to the home the following agreement:

"Cleveland, Ohio, June 14, 1932.
Orthodox Old Home
736 Lakeview Road
Cleveland, Ohio.
Gentlemen:

In consideration of my admission to the Home I hereby agree to pay you for my board and care in the sum of $60.00 per month on the first of each calendar month.

I further agree to abide by the rules and regulations of the Home and to perform such duties as may be required of me by the Superintendent or Matron. In the event you desire that I leave the Home, I

agree to do so immediately upon being given notice.

No liability is hereby imposed upon you for the care or control of any of my effects which I may bring into the Home.

Very truly yours,

(Signed) X Levi Alperin.

Samuel Alperin

Benjamin Birnbaum."

Plaintiff called as a witness the attorney for the defense who had in his possession and produced on the witness stand seventeen paid checks all signed by the defendants and payable to plaintiff, dated from September 15, 1931 to May 15, 1932 inclusive, which corresponded exactly in amounts with the amounts admitted by plaintiff in his petition in the first case to have been paid him by defendants during said period.

The ground for the action of the trial court in granting the defendants motion for judgment was that the plaintiff failed to prove any breach of contract by the defendants, in that in the first cause he did not prove that defendants did not pay him as provided by the contract, and that in the second case he did not prove that the defendants failed to procure the admission of plaintiff to the Home, but on the contrary showed that the defendants did procure his admission to the Home.

As to the contention in the first case that the plaintiff failed to prove any breach of contract by defendants, it will be seen that under the contract entered into between Levi Alperin and the defendants, Levi Alperin obligated himself to release and discharge the second parties (meaning defendants) and their respective wives, from any and all claims and demands which he may have or claim against them. Having obligated himself as he did, he performed all that could be expected of him under said contract.

The allegations of plaintiff's petition set forth that the defendants did not pay the installments which fell due on the first and fifteenth of each month from September 15, 1931 to May 15, 1932, in full but only partial payments thereon and that they did not pay any part of the installments due June 1st and June 15th, 1932, claiming a total of $255.00 due on said installments.

The answer of the defendants does not allege that the defendants made any payments other than those admitted by plaintiff. It denies making the contract and it denies owing the sum of $255.00. The contract was clearly proven. The contention of defendants was that it was incumbent upon plaintiff to show non-payment as provided in the contract. Generally speaking, payment is an affirmative defense and must be pleaded and proved by the party asserting the same and where the breach of contract is a failure to pay as stipulated, while it was necessary for plaintiff to plead such non-payment to show the breach, proof of such non-payment is not necessary.

"In an action to recover damages for a breach of contract, it is as a rule incumbent on plaintiff to prove the breach complained of. * * * But if an affirmative contract to pay money or to perform some duty is proved, it is then incumbent on defendant to prove payment, performance or tender, or a sufficient excuse therefrom."

The plea found in the answer, that the defendants deny that there is owing plaintiff the sum of $255.00 with interest, or any sum whatsoever, has, in our opinion, no legal effect.

In **Knox County Bank v Lloyd, 18 Oh St** 363, the third paragraph of the syllabus reads:

"A pleading in answer to a statement of fact constituting a cause of action, which merely denies that anything is due the adverse party is the statement of a mere legal conclusion embodying no matter of fact, and, as a pleading it has no legal effect."

In the written finding, the trial court found the due execution of the contract and that the contract imposed a duty on the defendants of making stipulated payments, but that the defendants had fulfilled their obligations by making these payments.

A strong inference favorable to the plaintiff can be found in the fact that the attorney for defendants was not able to produce any other evidence of payment excepting the seventeen checks. The total amount represented by these checks is admitted by plaintiff to having been paid to Levi Alperin.

The Feldmans did not take the witness stand. If payments had been made in cash or otherwise and aside from the amount represented by the checks, some showing or offer to show additional payments should have been made by the defendants. The record seems to clearly substantiate the allegations of plaintiff's petition that while partial payments were made by the Feld-

mans to Levi Alperin, that full payments were not made in accordance with the stipulation of the contract.

In the second case, the finding of the trial court that the Feldmans procured the admission of Levi Alperin to the Home, and that they were therefore discharged from any further liability under the contract, is in direct conflict with the evidence found in the record. It discloses that the only act of defendants relating to the admission of Levi Alperin to the Home was the preparing and filing of the original application for admission of Levi Alperin to the home; that thereafter numerous efforts were made by the Board of Directors of the Home to make some arrangements with the Feldmans but that all of them failed. Various promises were made by them. First, the payment of $500.00 and second the payment of $300.00; that none of these promises were kept. The final arrangements were made between Levi Alperin and the Home, whereby he assigned all his claim against the Feldmans to the Home, and in addition entered into a definite obligation to pay the Home $60.00 a month.

The evidence is conclusive that the Feldmans did nothing toward procuring the admission of Levi Alperin to the Home.

We are of the opinion that the judgment of the Municipal Court is manifestly against the weight of the evidence, and the judgments are therefore reversed and remanded for further proceedings according to law.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.