CRECK, Plaintiff-Appellee v. BECKER, Admx., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3757.   Decided September 26, 1944.

John F. Carlisle, Columbus, for plaintiff-appellee.

Charles T. Warner, Columbus and Carl H. Valentine, Columbus, for defendant-appellant.

SHERICK, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

## OPINION

By SHERICK, J.

This is a law appeal from a judgment entered on a verdict returned in plaintiff's favor. The pleadings are of principal importance in this review. Plaintiff's petition avers in substance that deceased was indebted to plaintiff upon a verbal contract for thirteen years continuous services for which she promised to pay at her death, the reasonable value thereof; that decedent died intestate; that his claim was presented to and rejected by the administratrix. The petition also avers nonpayment. Defendant by amended answer generally denied plaintiff's claims, and as a second defense pleaded the six year statute of limitations. Defendant did not plead payment. The reply controverts the second defense.

Inasmuch as a recitation of the voluminous facts proven

would serve no useful purpose, none will be made, save comment on certain proof responsive to matters which are deemed worthy of discussion.

Plaintiff by numerous witnesses has successfully established that his cause of action was for continuous services and did not accrue until the death of decedent. From the size of the jury's unanimous general verdict it is apparent that defendant failed to maintain the issue of fact presented by its second defense. This being true the six year statute of limitations cannot be invoked against that portion of the services that antedates the period of six years, and hence the issues are narrowed accordingly.

Appellant's major claim centers on where the burden of proof lies in this sort of a quantum meruit action on the question of payment or rather nonpayment. Defendant asserts that plaintiff utterly failed to make proof of nonpayment and that such omission required that appellant's motions for a directed verdict and for judgment notwithstanding the verdict should have been sustained, and that the court's denial thereof was contrary to law.

Before proceeding to state the reasons advanced by the respective parties in support of their contrary views, several observations are pertinent. It is noted that plaintiff's claimed utter failure, is not strictly correct. The witness, Henry Bratka, testifies as follows:

"Well, Mary (Kinney) always said right in front of Creck, right in front of my wife, and even other people, that Creck will never forget,—that she will never forget that Creck done for her and he will be well taken care of when she leaves."

This, of course, suggests the logical inference of nonpayment.

It is further noted that defendant did not file a cross-petition and plead by way of counterclaim or set-off any matter in diminution of any sum that might be due plaintiff. However, defendant did make proof of several matters equivalent to cross-demands. These were offered in proof of payment. No attempt was made to prove any payment in money. We shall, however, brush aside these several observations and proceed to state and consider the matter of payment and nonpayment just as if such did not exist.

It is appellant's contention that plaintiff's averment of nonpayment, even though it presents a negative, must be proven by him. It is reasoned that this necessary allegation is an

essential part of his cause; that his case depends upon the establishment of a negative; that he who asserts must prove; that burden of proof does not depend upon form, whether it be positive or negative, but upon determination of which party is proponent.

On the other hand, appellee insists that in Ohio, the issue of payment is an affirmative defense, made so by statute, §11314 GC. It is also advanced that plaintiff's claim was not due and payable until decedent's death, and that defendant's rejection of his claim was a denial that it was a just claim, and hence proof of a presentation and rejection was sufficient; and if defendant relied upon a defense of payment, then the defendant should have plead and proved the defensive issue.

There can be no question that since Ohio's departure from common law pleading and adoption of its procedural code, a plea of payment is an affirmative defense which is not triable under a general denial, but must be specially pleaded to be made available. Inasmuch as defendant did not plead it, the query comes, is there an exception to the rule in this kind of a case? We think not. The court in **Lord v Graveson, 4 O. C. C. (N. S.), 268, 16 O. C. D. 371,** so held. It was said, in an action on an account under R. S. Section 5086, now §11314 GC,

"that while it is necessary to aver nonpayment of the debt in order to show a breach of the contract, yet proof of the same is not required, and that in order to prove payment it must be specially pleaded."

The opinion in the Lord case comments upon Melone v Ruffino, 129 Cal., 514; 62 P., 93. It subscribes to the same view, as does the same court in Hurley v Ryan, 137 Cal., 461, wherein an implied contract for services was the basis of the action. A later California case is on all fours with the present one, with the single exception that therein the debtor pleaded payment. The case is that of Lloyd v Kleefisch, 120 P. (2d), 97. It was held:

"Although it is essential for plaintiff in an action against administrator for services rendered to plead nonpayment, the negative averment need not be proved by the plaintiff and burden of proof to show payment rests on defendant."

The California cases are of particular interest by reason of the fact that its statute, Deering's Code of Civil Proc. 1937,

Section 437, reads like the Ohio §11314 GC, with respect to what an answer shall contain.

Other authorities to the same effect may be found in Pomeroy's Code Remedies, 4th Ed., pages 683 and 684.

The Eighth District in **Alperin, Admr., v Feldman, 14 Abs 723,** in a somewhat different action, had before it the same question. Its judgment is in conformity with the rule contended for by appellee.

Appellant further claims that the trial court erred in its refusal to give defendant's special request No. 5. It recited that,

"Payment by the decedent, Mary Kinney, to plaintiff for services rendered or materials furnished need not necessarily to have been made in money. It could have consisted of the use of Mary Kinney's farm, or a part thereof, either land, buildings or both; or of board or lodging; or of any or all of these things."

This charge comports with defendant's theory and with the considerable evidence adduced in support thereof. The requested charge properly states the law and should have been given if payment had been made an issue, as it was not. It is well settled that a correct legal proposition embodied in a special request ought not to be given when it is not responsive to an issue in the case. The court did not err in its refusal.

It appears that the trial court gave defendant's special request No. 4, which placed the burden of proving nonpayment upon plaintiff. It is also disclosed that the court reversed itself and in its general charge placed that burden on the defendant. Appellant now says that by reason thereof the court erred in its general charge. The exact opposite is true. The error was in giving the special request. The general charge is correct. Defendant not only induced the giving of request No. 4, but profited thereby. It is settled that one may not complain of an error which he has caused to be committed, or of an error which was in his favor.

We have examined all other errors complained of and the record before us. We find no prejudicial error therein. It follows that the judgment appealed from must be and is affirmed.

HORNBECK and GEIGER, JJ., concur.